ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, demandante y recurrente, *v.* TRAVELERS INSURANCE COMPANY, demandada y recurrida.

Número: O-76-55          Resuelto: 6 de mayo de 1976

*Jorge J. Oppenheimer Méndez,* abogado de la recurrente; el abogado de la recurrida no compareció.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La Administración de Compensaciones por Accidentes de Automóviles instó demanda sobre cobro de dinero por la cantidad de $37.22 contra Travelers Insurance Company, amparándose en la Regla 60 de Procedimiento Civil sobre reclamaciones menores de $100.00. En la notificación que sirvió para emplazar a la demandada se fijó el 30 de septiembre de 1975 para vista del caso. El Tribunal de Distrito suspendió la vista por entender que necesitaba más prueba que una declaración jurada del Contralor de ACAA acreditando la legitimidad de la reclamación, y ello a pesar de que la demandada no compareció a oponerse. Hizo un nuevo señalamiento para el 23 de diciembre de 1975 notificado a ambas partes, y en 31 de octubre de 1975 (55 días antes de la vista) la recurrente ACAA formuló moción de sentencia sumaria bajo la Regla 36.1 fundada en constancias documentales. A pesar de que la demandada tampoco refutó dicha moción como lo exige la Regla 36.5 en cuanto a que ". . . la parte contraria no podrá descansar solamente en las aseveraciones o repulsas contenidas en sus alegaciones, sino que vendrá obligada a contestar en forma tan detallada y específica, como lo hubiere hecho la parte promovente, exponiendo aquellos hechos materiales que cree que intenta probar [y] [s]i no contestare bajo juramento, deberá dictarse sentencia en su contra.", el 14 de noviembre el tribunal desestimó la solicitud. Al así rechazar la moción de sentencia sumaria el Tribunal de Distrito no tenía ante sí ni siquiera una contestación de la demandada quien se persona en autos por primera vez el 18 de diciembre de 1975 solicitando término adicional de 30 días "para realizar unas investigaciones y prepararse para contestar [la demanda] adecuadamente."(1) En este momento procesal acude la ACAA en

---

(1) Este tipo de ocurrencia hace trasfondo a las enérgicas expresiones del Juez Presidente Burger de la Corte Suprema de los Estados Unidos

*certiorari* al Tribunal Superior que deniega de plano la solicitud y de ahí nos llega el caso en *certiorari*.

Expedimos orden requiriendo de las partes que muestren causa, si alguna, por la que no deban anularse las resoluciones dictadas por el Tribunal Superior (7 de enero de 1976) y de Distrito (21 de noviembre de 1975) y en su lugar dictar sentencia sumaria condenando a Travelers Insurance Company a pagar $37.22 a la Administración de Compensación por Accidentes de Automóviles (*Padín* v. *Rossi*, 100 D.P.R. 259); e imponer a dicha demandada recurrida el pago de honorarios de abogado.

La demandada no ha comparecido. En su auxilio lo ha hecho la demandante recurrente informando un "acuerdo" de pago(²) que no se ha materializado y solicitando que no se impongan honorarios.

■ La conducta procesal de la demandada, tolerada en instancia, echa por la borda todo principio de solución justa, rápida y económica de los pleitos proclamado en la Regla 1 de Procedimiento Civil, y acentuado en la Regla 60 al ordenar que si el demandado debidamente notificado, no compareciere

---

inaugurando el 7 de abril de 1976 en St. Paul, Minn., la Conferencia sobre Causas de Insatisfacción del Pueblo con la Administración de Justicia al expresar que los instrumentos procesales que sirvieron a una sociedad agraria no sirven a la compleja sociedad de fines del Siglo XX y que grandes áreas de litigación, significativamente "reclamaciones menores" podrían referirse a tribunales especiales constituidos por cuidadanos, sin derecho a apelar. En el caso de autos, como indica la opinión, había instrumentos procesales adecuados que no se usaron.

(²) En una titulada moción informativa, el abogado de ACAA expone:
"Que el compañero Lcdo. Emilio Guarionex Rivera se ha comunicado con el abogado que suscribe en el día de hoy y ha llegado a un acuerdo, a nombre de su clienta, la demandada recurrida, de pagar las cantidades adeudadas en el caso de epígrafe y en todos los otros que están pendientes de pago en nuestra Agencia; acuerdo de pago que había hecho, además, el señor E. Buitrago, en su carácter de Representante de Reclamaciones de la demandada-recurrida, previamente a la llamada del compañero abogado.

"En vista del acuerdo de pago de estos otros casos, solicitamos que no se imponga honorarios de abogado."

(demostrando que tiene alguna reclamación sustancial) se *dictará sentencia* sin demora; y en la Regla 36.5 instruyendo al tribunal que de no producir el opositor de la sentencia sumaria una exposición de hechos materiales bajo juramento *deberá dictarse sentencia* en su contra.

No es cuestión de tender una alfombra roja para la egregia salida del pleito de la demandada Travelers. Su contumacia en rehusar el pago de una obligación insignificante ha requerido la movilización de todo el engranaje judicial desde el Tribunal de Distrito hasta el Supremo, añadiendo esfuerzo, sin razón alguna, al abrumador número de expedientes que pesa sobre todos los funcionarios afectados y agravando el costo social de la gestión envuelta. Esta áspera verdad convierte en oficiosa la solicitud de la recurrente para que no se impongan honorarios de abogado a la demandada. La litigación caprichosa inflige una carga de abuso al sistema de justicia que eventualmente conduciría a su colapso. Los tribunales proveen un foro para la ventilación de controversias legítimas, mas no han de sufrir la erosión de pleitos infundados y contenciones arbitrarias. El recurso de sentencia sumaria debe estar presto y disponible para limpiar la casa de frivolidades.

*Se dictará sentencia sumaria según intimada en la orden para mostrar causa e imponiendo por vía de sanción $500 de honorarios de abogado a la demandada recurrida. Revocada.*

