CAMALEGLO CORPORATION, demandante y recurrida, *v.* DORADO WINGS, INC., ETC., demandada y peticionaria la primera.

*Número:* O-84-498          *Resuelto:* 10 de diciembre de 1986

*Jorge Calero Blanco,* de *Ledesma, Palou & Miranda,* abogado de la peticionaria; *Juan E. Rodríguez Díaz,* abogado de la recurrida.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

Mediante un contrato de arrendamiento financiero, Camaleglo Corporation (en adelante Camaleglo), arrendó a Dorado Wings, Inc. (en adelante Dorado), un cuadro telefónico por un término de sesenta (60) meses con un canon de arrendamiento de cuatrocientos cuarenta y cinco dólares ($445) mensuales. El inciso cuarto del contrato disponía, entre otras cosas, que la arrendadora financiera Camaleglo no asumiría responsabilidad por riesgo alguno, incluyendo vicios ocultos o desperfectos del equipo arrendado. La arrendataria Dorado podía, sin embargo, valerse de todas las garantías que le correspondieran a la arrendadora Camaleglo frente al fabricante o suplidor del equipo. El ejercicio de esta acción no eximía a la arrendataria del pago de los cánones de arrendamiento pactados.

Al poco tiempo de haberse firmado el contrato el equipo comenzó a fallar, por lo que Dorado se negó a continuar pagando los cánones estipulados. La arrendadora Camaleglo entonces reposeyó el equipo y el 8 de noviembre de 1982 demandó a Dorado[1] en cobro de la totalidad de los cánones pactados y no pagados. El 9 de diciembre de 1982 se enmendó la demanda y el 11 de marzo de 1983 la parte demandada contestó y reconvino. En esa alegación reclamó los daños sufridos como consecuencia de los vicios ocultos del equipo arrendado. El 25 de marzo de 1983 la demandante Camaleglo replicó a la reconvención y presentó una moción de sentencia sumaria en la cual alegó que no existían hechos materiales en controversia y que el inciso cuarto del contrato de arrendamiento financiero la relevaba de cualquier tipo de responsabilidad que emanara de los desperfectos del equipo arrendado y obligaba a la parte

---

[1] También demandó a Crownair Corporation quien con posterioridad al otorgamiento del contrato había adquirido la totalidad de las acciones de Dorado.

demandada a pagar la totalidad de los cánones pactados y no pagados. El tribunal acogió el planteamiento de la deman-. dante y el 9 de diciembre de 1983 procedió a dictar sentencia sumaria parcial interlocutoria contra la codemandada Dorado. (²) Dicha sentencia se limitó a determinar la existencia de la deuda, señalar una vista para resolver la cuantía exacta de lo adeudado, concluir que no existía razón para posponer dictar sentencia y ordenar su registro. De esta sentencia la codemandada Dorado recurrió ante nosotros y el 24 de mayo de 1984 dictamos una resolución que declaraba sin lugar la solicitud. El 11 de junio de 1984 Dorado solicitó autorización al tribunal de instancia para presentar una demanda de tercero contra Ochoa Telecom, Inc. (en adelante Ochoa), la vendedora del equipo telefónico, para que ésta le respondiera de todo o parte de lo que tuviera que pagar a la demandante Camaleglo. El 25 de junio de 1984 el tribunal denegó la solicitud.

De esta resolución recurre ante nosotros mediante recurso de *certiorari* la codemandada Dorado. Atendida la solicitud dictamos la siguiente resolución:

> Apareciendo del expediente y documentos anejos que el tribunal de instancia incorrectamente no le permitió a la demandada-recurrente Dorado Wings, Inc. presentar una demanda de tercero contra Ochoa Telecom, Inc. se le concede a la demandante-recurrida Camaleglo Corporation un término de diez (10) días para que muestre causa por la cual no deba revocarse la decisión recurrida y permitirse que se inste la referida demanda contra tercero. (³).

La demandante Camaleglo ha comparecido y en lo pertinente arguye que no debe permitirse la demanda porque el pleito está en una etapa demasiado avanzada y que de pros-

---

(²) El tribunal limitó la sentencia sumaria parcial interlocutoria a la codemandada Dorado ya que no se presentó prueba sobre la responsabilidad de la codemandada Crownair Corporation.

(³) En auxilio de nuestra jurisdicción también ordenamos la paralización de los procedimientos en el tribunal de instancia.

perar la solicitud de *certiorari* tendría que esperar hasta que se dilucide la demanda contra tercero para cobrar la deuda reclamada. (⁴) No le asiste la razón. Como estamos en posición de decidir, así procedemos a hacerlo según lo intimado.

## I

*La sentencia sumaria parcial interlocutoria y la Regla 43.5*

Antes de determinar la procedencia de la demanda contra tercero es preciso analizar y entender cabalmente el impacto procesal de las gestiones practicadas por las partes y las determinaciones tanto del tribunal de instancia como de este Tribunal. También es preciso que analicemos la interrelación que existe entre la Regla 36.3 y la 43.5 de Procedimiento Civil de 1979.

La Regla 36.3 permite que se dicte "sentencia sumaria . . . [parcial] *interlocutoria* resolviendo cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes". (Énfasis nuestro.) Esta regla difiere de la anterior y de su contraparte en el ámbito federal, la Regla 56 (c) de Procedimiento Civil federal, en que amplía su utilización al permitir que se pueda dictar sentencia sumaria parcial *interlocutoria* para resolver cualquier controversia que sea separable de las restantes y no simplemente la controversia sobre responsabilidad en acciones de daños y perjuicios como disponen la regla federal y la anterior Regla 36.3 de Procedimiento Civil de 1958. El propósito de la enmienda fue hacer la regla más abarcadora y flexible para así fomentar "una más pronta y económica solución de los pleitos". Comentarios a la Regla 36.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III, R. 36.3). También véanse: *Vellón* v. *Squibb Mfg., Inc.,* 117 D.P.R. 838 (1986); *Corp. Presiding Bishop*

---

(⁴) También argumentó que la demanda contra tercero no prosperaría en los méritos porque estaba prescrita.

*CJC of LDS* v. *Purcell,* 117 D.P.R. 714 (1986) ; *Padín* v. *Rossi,* 100 D.P.R. 259, 263 (1971) ; *Roth* v. *Lugo,* 87 D.P.R. 386 (1963) ; *A.C.A.A.* v. *Travelers Ins. Co.,* 104 D.P.R. 844, 847 (1976).

La Regla 43.5 de Procedimiento Civil de 1979, por su parte, permite darle finalidad a una sentencia que termine menos de la totalidad de un pleito. Esta regla es aplicable sólo cuando en un pleito de múltiples reclamaciones o múltiples partes la sentencia parcial que se dicta adjudica menos del total de las reclamaciones o de los derechos y obligaciones de menos de la totalidad de las partes. No es aplicable, sin embargo, cuando lo que resuelve el tribunal es sólo una controversia, aunque esta sea separable de las restantes. Esta es la situación en el presente caso. La sentencia sumaria parcial dictada determinó la existencia de la deuda reclamada; esto, aunque importante, sólo es una controversia dentro de una reclamación, no finalizó el caso, aún falta por determinar la cuantía de la deuda reclamada. El hecho de que el tribunal expresara, específicamente, que no existía razón para posponer dictar sentencia y ordenara su registro no convirtió la determinación interlocutoria en una sentencia final. (⁵) La enmienda de 1979 a la Regla 36.3 que amplió el ámbito de acción de esta regla, no afectó la naturaleza de la sentencia sumaria parcial que se permite dictar respecto a controversias separables, la misma sigue siendo interlocutoria. *Asociación de Propietarios* v. *Santa Bárbara Co.,* 112 D.P.R. 33 (1982) ; *Cortés Román* v. *E.L.A.,* 106 D.P.R. 504, 511–513 (1977) ; 10 *Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d* Sec. 2653 (1983), y Vol. 10A, *op. cit.,* Sec. 2729. Tam-

---

(⁵) "[U]na sentencia es definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que no queda pendiente nada más que la ejecución de la sentencia." *Dalmau* v. *Quiñones,* 78 D.P.R. 551, 556 (1955), citado con aprobación en *Cortés Román* v. *E.L.A.,* 106 D.P.R. 504, 509 (1977).

poco el que nos negáramos a revisar (⁶) esta sentencia sumaria parcial interlocutoria tuvo el efecto de impartirle finalidad ni de convertirla en obligatoria para el tribunal de instancia. La misma no fue considerada. Simplemente nos limitamos a no intervenir en el caso en esa etapa del procedimiento. *Don Quixote Hotel* v. *Tribunal Superior*, 100 D.P.R. 19, 29–30 (1971). El tribunal de instancia no está "irremisiblemente obligado a mantener[la] . . . incólume, [sin embargo] . . . a fines de velar por el trámite ordenado y pronto [de este caso], así como por la estabilidad y certeza del derecho, . . . [debe] resistirse a [alterarla]", excepto que quede firmemente convencido que se equivocó. *Torres Cruz* v. *Municipio de San Juan*, 103 D.P.R. 217, 222 (1975).

## II

*La demanda contra tercero—Regla 12.1*

■ La solicitud para presentar la demanda contra tercero, eje central de esta controversia, se presentó dieciocho (18) días después que denegamos el auto de *certiorari*. El tribunal de instancia aún tenía que determinar la cuantía de la deuda, resolver la reconvención (⁷) y la posible responsabilidad de la codemandada Crownair Corporation. (⁸)

---

(⁶) La demandada Dorado presentó, equivocadamente, un recurso de revisión. El recurso apropiado para revisar una sentencia sumaria parcial interlocutoria es el *certiorari*.

(⁷) A pesar de que por los fundamentos expresados en la sentencia sumaria parcial interlocutoria dictada por el tribunal de instancia, la validez de la cláusula de exoneración el tribunal no la resolvió. Se puede deducir que la reconvención va a ser desestimada.

(⁸) Recientemente en *Lluch* v. *España Service Sta.*, 117 D.P.R. 729 (1986), expresamos que el juez debe tomar medidas de control en una etapa temprana de los procedimientos conforme promueve la Regla 37.1 de Procedimiento Civil. La posibilidad de traer a terceras partes al pleito es uno de los asuntos que se deben considerar al comienzo de los procedimientos. También véase *Vellón* v. *Squibb Mfg., Inc.*, 117 D.P.R. 838 (1986).

28

El propósito de la figura procesal de la demanda contra tercero, Regla 12.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, "es establecer un mecanismo para facilitar la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos . . . [y para lograrlo] debe ser interpretada liberalmente". *Colón* v. *Coop. de Seguros Múltiples de P.R.*, 111 D.P.R. 568, 571 (1981) ; *A.A.A.* v. *Builders Ins. Co., Etc.*, 115 D.P.R. 57, 60 (1984) ; 6 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 1442 (1971). La regla dispone que "[e]n cualquier momento después de comenzado el pleito, el demandado podrá, como demandante contra tercero, notificar un emplazamiento y demanda a una persona que no sea parte en el pleito . . .". La regla no requiere permiso del tribunal ni establece un término para que el demandado pueda presentar una demanda contra tercero para reclamar todo o parte de lo que el demandado le tuviere que responder al demandante.[9] La Regla 14(a) de Procedimiento Civil de 1943, al igual que la actual Regla 14(a) federal, por el contrario, dispone que una vez transcurrido el término allí dispuesto se necesita permiso del tribunal para traer a un tercero al pleito. En 1977 el Comité sobre Procedimiento Civil de la Conferencia Judicial de Puerto Rico recomendó restablecer este requisito. Conferencia Judicial de P.R., *Informe sobre las Reglas de Procedimiento Civil propuestas*, San Juan, Tribunal Supremo, noviembre 1977. Acogimos la recomendación y la enmienda fue incluida en las Reglas de Procedimiento Civil que adoptamos y enviamos a la Asamblea Legislativa. Dicho cuerpo, sin embargo, rechazó la enmienda y aprobó la Regla 12.1 tal y como estaba en las Reglas de Procedimiento Civil de 1958, sin el requisito de solicitar permiso al tribunal y sin la limitación de tiempo para presentarla.

---

[9] Mediante enmienda a la Regla 12.1 de Procedimiento Civil de 1958, las Reglas de Procedimiento Civil de 1979 permiten que se traiga a un tercero para que le responda directamente al demandante.

Esto no significa que bajo la actual Regla 12.1, el tribunal no tenga discreción para negarse a permitir la demanda contra tercero y que el demandado no tenga que actuar con diligencia en la presentación de sus alegaciones contra terceros. (¹⁰)

██ Una vez presentada la demanda contra tercero, para lo que no se requiere permiso del tribunal, la propia regla dispone que la parte —ya fuere el demandante o el demandado contra tercero— que se sienta perjudicada puede solicitar su desestimación.

██ En el ejercicio de su discreción al decidir la moción de desestimación el tribunal debe balancear los beneficios de economía procesal que se derivan al ventilar todas las controversias que emanen de una misma situación de hecho o relación de derecho en un solo pleito, ante un juez compenetrado con el caso, contra la falta de diligencia y los perjuicios que la tardanza al presentar la demanda contra tercero le puedan ocasionar al demandante o al tercero demandado. Esta evaluación requiere, además, tomar en consideración los méritos de la demanda contra tercero y la Regla 38.2 que permite que "[e]l tribunal por razón de conveniencia, o para evitar perjuicio, o para evitar gastos innecesarios, o para facilitar la más pronta terminación del litigio, [pueda] ordenar [juicios] por separado de cualesquiera . . . demand[a] contra tercero". *Muñoz* v. *Tribl. de Distrito*, 72 D.P.R. 842, 846 (1951). El tribunal puede negarse a permitir la demanda contra tercero cuando se convenza de que el demandado ha incurrido en una

---

(¹⁰) En la jurisdicción federal los tribunales tienen discreción para denegar una demanda contra tercero inclusive cuando se presenta dentro del término que no requiere autorización del tribunal. En 6 *Wright & Miller, Federal Practice and Procedure: Civil* Sec. 1454 (1971), se expresa: "The Advisory Committee's Note to the 1963 amendment indicates that the court retains its discretion to strike the third-party claim 'if it is obviously unmeritorious and can only delay or prejudice the disposition of plaintiff's claim'." También véanse: ibíd., Secs. 1443 y 1446; *Karon Business Forms, Inc.* v. *Skandia Ins. Co., Ltd.*, 80 F.R.D. 501, 505 (1978).

crasa falta de diligencia o que los perjuicios que causaría son insalvables y sobrepasan los beneficios que se derivarían al permitirla, a pesar de todas las medidas que se puedan tomar. 6 *Wright & Miller, op. cit.*, Sec. 1443.

■ Según expresáramos en *Colón v. Coop. de Seguros Múltiples de P.R.*, supra, pág. 571, la demanda contra tercero, aunque de interpretación liberal, "no puede utilizarse para combinar en una acción todas las controversias, por dispares que sean, que posean alguna relación común". Esto implica que la reclamación contra tercero procede sólo cuando la responsabilidad de éste dependa en alguna forma del resultado de la acción principal o cuando el tercero le es secundaria o directamente responsable al demandante. 6 *Wright & Miller, op. cit.*, Sec. 1446. En el caso de autos las reclamaciones tanto de la demanda como de la demanda contra tercero tienen un entronque común: el inciso cuarto del contrato de arrendamiento financiero. En su acción la arrendadora financiera Camaleglo solicitaba el cumplimiento específico de la cláusula del inciso cuarto que la relevaba de toda responsabilidad relativa al mal funcionamiento del equipo telefónico y obligaba a la arrendataria Dorado al pago de los cánones de arrendamiento a pesar de que existiera alguna reclamación sobre el mal funcionamiento del equipo arrendado. La acción de la codemandada Dorado contra la tercera demandada Ochoa también emana del inciso cuarto del contrato de arrendamiento financiero, la subrogación pactada que le permite a la codemandada arrendataria Dorado traer contra la tercera demandada suplidora Ochoa las acciones y reclamaciones que por vicios ocultos le correspondían a la demandante arrendadora Camaleglo. Bajo las alegaciones de la demanda contra tercero, Ochoa podría serle responsable a la codemandada Dorado de todo o parte de lo que ésta tuviera que pagar a la demandante Camaleglo. Todo o parte de los cánones adeudados que Camaleglo pretende recobrar podrían constituir parte de los daños que

en la demanda contra tercero se le reclaman a Ochoa. Bajo estas circunstancias la demanda contra tercero es un mecanismo procesal apropiado para traer la reclamación por vicios ocultos contra Ochoa.

Pasemos ahora a considerar si al presentar la demanda contra tercero la demandada Dorado incurrió en una crasa falta de diligencia y si permitirla ocasionará graves perjuicios a la demandante Camaleglo. Originalmente, la demandada Dorado, en su contestación a la demanda y reconvención, basó su defensa y reclamación contra la demandante Camaleglo en la teoría de nulidad de la cláusula de exoneración.([11]) De prosperar esta teoría la demandante le hubiere sido responsable por los vicios ocultos. Bajo estas circunstancias la demandante si quería exonerarse o minimizar responsabilidad hubiera tenido que traer al suplidor Ochoa como tercero demandado.

La demanda contra tercero se presentó inmediatamente después de que rehusamos revisar la sentencia sumaria parcial interlocutoria que determinó la validez de la deuda, cuando aún faltaba por resolver la cuantía de la deuda, la reconvención y la responsabilidad de la codemandada Crownair Corporation. Los hechos específicos de este caso no configuran una crasa falta de diligencia por parte de la codemandada Dorado al presentar la demanda contra tercero. Tampoco ha aducido la demandante nada que demuestre que la demora le haya causado algún perjuicio que no pueda ser salvado o evitado por el tribunal utilizando las medidas procesales provistas por las reglas.([12]) El tribunal podría, si lo estima

---

([11]) Cabe señalar que el caso normativo sobre contratos de arrendamiento financiero que determinó la validez de este tipo de cláusula, *Meyers Bros.* v. *Gelco*, 114 D.P.R. 116 (1983), fue decidido después que el demandado Dorado presentó su contestación y reconvención.

([12]) Cualquier defensa o alegación con respecto al perjuicio sufrido por el tercero demandado le corresponde a éste hacerla una vez sea traído al pleito.

conveniente, dictar sentencia entre las partes principales, Camaleglo y Dorado, y luego proseguir con la reclamación contra tercero. Regla 43.5; *A.A.A.* v. *Builders Ins. Co.*, supra, pág. 60.

Por todo lo antes expuesto, *se expedirá el auto, se dictará sentencia que revoque la resolución de 25 de junio de 1984 del tribunal de instancia y se devolverá el caso para que continúen los procedimientos conforme a esta opinión.*

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Alonso Alonso no intervino.