# 95 DTA 131

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

JOSE JAVIER CARRO SALDAÑA ET AL
Demandantes-Apelados

v.

FRATERNIDAD PHI ETA MU, INC., ET AL
Demandados-Apelantes

Núm. KLAN-95-00577

San Juan, Puerto Rico, a 22 de junio de 1995

Panel integrado por su presidenta Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Nuevamente acuden ante este Tribunal varios de los demandados en el caso de epígrafe para replantear la moción en auxilio de jurisdicción, a los efectos de paralizar los procedimientos actualmente llevados a cabo en el Tribunal de Primera Instancia y presentar un escrito de apelación enmendado.

Mediante nuestra Resolución de 6 de junio de 1995 denegamos la paralización de los procedimientos solicitada originalmente y concedimos término a los demandados comparecientes (los demandados) para que mostraran causa por la cual no debía desestimarse su recurso, por incumplimiento con las normas reglamentarias aplicables.

En dicha Resolución específicamente indicamos que bajo la representación que nos habían hecho los demandados en sus escritos, a los efectos que la resolución o sentencia sumaria parcial recurrida era una sentencia final por haberse incluido las frases dictaminadas por la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III el recurso apropiado sería el de apelación. A esa etapa advertimos que aceptábamos dicha representación, ante el hecho de no haberse sometido por los demandados copia de la sentencia recurrida. Más aún, adelantamos en la nota al calce número 1 de nuestra Resolución, lo siguiente:

*"Téngase presente que de conformidad con el caso de Camaleglo v. Dorado Wings, Inc., infra, pág. 26, el Tribunal Supremo de Puerto Rico determinó que bajo las circunstancias de ese caso, el hecho de que el tribunal expresara específicamente que no existía razón para posponer dictar sentencia y ordenara su registro, no convirtió la determinación interlocutoria en una sentencia final."*

En otras palabras, bajo las condiciones antes expuestas y haciendo clara referencia a la jurisprudencia del Tribunal Supremo de Puerto Rico en cuanto a que no necesariamente las aludidas expresiones del tribunal bajo la Regla 43.5, *supra*, convierten una determinación interlocutoria en una sentencia final, estimamos inicialmente que el recurso ante nuestra consideración era uno de apelación. Reexaminamos ahora aquella apreciación, por los fundamentos siguientes.

Aún con la orientación de nuestra parte y con la explicación del tribunal recurrido, según contenida en la Transcripción Parcial de Evidencia sometida, invocando la disposición antes aludida, insisten los demandados que se trata de una sentencia final revisable mediante el recurso de apelación. Argumentan que ante ello procede la paralización automática de los procedimientos, bajo el Artículo 4.002 de la Ley de la Judicatura de 1994.█

Si bien es cierto que la sentencia recurrida contiene las frases a que alude la Regla 43.5, el tribunal clarificó posteriormente al comienzo del juicio que no tenían el alcance de adjudicar finalmente reclamaciones. En la referida transcripción consta lo anterior, como sigue:

*"...y sólo tiene el alcance nuestra Sentencia Parcial Interlocutoria, e insisto en que es Interlocutoria porque no dispone de las demandas de co-parte como sería la demanda total definitiva y sólo tiene el alcance de reconocer el hecho de que los propios demandados y demandantes contra co-parte no tienen prueba para sostener tales demandas de co-parte."*
█

Repetidamente explicó el tribunal la naturaleza interlocutoria de su dictamen, independientemente de la alusión a la Regla 43.5. Incluso sugirió eliminar el lenguaje y considerar el escrito de apelación como una moción de reconsideración a lo que se negó la representación legal de la compañía aseguradora de algunos de los demandados.█

Examinada la sentencia, su alcance y la explicación del juez que la emitió, no vemos inconveniente alguno en que se considere la misma como lo pretendió el tribunal, y en su consecuencia ordenar la eliminación del último párrafo, en el que se dispone:

*"El Tribunal concluye, expresamente, que en este caso de reclamaciones y o partes múltiples, no existe razón para posponer dictar sentencia sobre esta reclamación o parte del caso, hasta la resolución total del pleito. Por ello se ordena se registre y notifique la presente Sentencia Sumaria Parcial Definitiva (Regla 43.5 P.C.)."*

De esta forma, cualquier duda sobre su alcance quedaría disipada, aún cuando dejamos establecido que a nuestro juicio queda claro que la sentencia no es final, por no adjudicar definitivamente los derechos u obligaciones de las partes en el pleito, tal cual intimamos en nuestra Resolución. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642 (1987); *Camaleglo v. Dorado Wings,* 118 D.P.R. 20 (1986).

En virtud de que se trata de una sentencia interlocutoria bajo el cuadro más completo que ahora nos presentan los demandados, determinamos que el recurso procedente es el de *certiorari* y no el de apelación.█

Considerado como *Certiorari* el Escrito de Apelación Enmendado,█ veamos sus fundamentos. Los demandados alegan que el tribunal erró al interpretar la Regla 36 de las de Procedimiento Civil y el caso de *Medina Morales v. Merck Sharp & Dohme,* ___D.P.R. ___ (1994), **94 J.T.S. 52**, pág. 11781, y al proceder a desestimar sus demandas de co-parte.

No tienen razón. El detallado recuento de la sentencia recurrida, a la luz de los planteamientos, la documentación sometida y el derecho, respaldan la determinación de desestimar las defensas afirmativas y las demandas de coparte. Conforme la sentencia, las defensas afirmativas de los demandados consisten en que los daños al demandante fueron causados por terceras personas y no por ellos. No obstante, durante todo el proceso de este caso, que comenzó con la demanda en 1992 y que actualmente se encuentra en la etapa del juicio, los demandados no pudieron señalar ni producir prueba para sustentar su alegación. Todos los demandados informaron al tribunal, y así consta en los informes de conferencia con antelación al juicio, que habían concluido la etapa de descubrimiento de prueba. Ni ante el

Tribunal de Primera Instancia, ni ante este Tribunal, han dado indicios de que cuentan con evidencia suficiente para probar hechos esenciales a sus defensas afirmativas.

En cuanto a las demandas de co-parte, la sentencia incluye las numerosas oportunidades que le brindó el tribunal a los demandados para descubrir e informar su prueba. Inicialmente las reclamaciones se considerarían separadamente y luego el tribunal *motu proprio* ordenó la celebración de un sólo juicio. Ante el cuadro de dejadez descrito en la sentencia, procedió a desestimar las demandas de coparte.

Las actuaciones del tribunal estuvieron motivadas no sólo por los reclamos de los demandantes, sino por su deber de concluir un caso complejo de forma tal que su adjudicación se efectuara de manera pronta, adecuada y justa. *Vellón v. Squibb,* 117 D.P.R. 838, 847 (1986); *Cuadrado Carrión v. Romero Barceló,* 120 D.P.R. 434, 446 n. 5 (1988).

El caso de *Medina Morales v. Merck Sharp & Dohme, supra,* y la Regla 36 sobre sentencia sumaria que invocan los demandados, derrotan su posición. Conforme la interpretación del Tribunal Supremo, cualquier duda en cuanto a si procede la sentencia sumaria por insuficiencia de prueba, debe resolverse a favor de la promovida. Así lo hizo el tribunal recurrido al denegarla cuando los demandantes solicitaron inicialmente sentencia sumaria por insuficiencia de la prueba. Posteriormente y durante el transcurso y culminación de los eventos anteriores al juicio, quedó convencido que los demandados carecían de prueba para sustentar las defensas afirmativas en cuestión y las demandas de coparte, por lo que procedió a su desestimación.

Al así hacerlo, diáfanamente concluyó su sentencia con la siguiente observación:

*"Lo anterior no quiere decir que el Tribunal no pueda hacer nivelación interna entre los demandados-demandantes contra co-parte y co-partes demandadas-; pero ello estará limitado a lo que surja de la prueba que ha anunciado y presente el demandante principal en el caso; todo ello para conformar las alegaciones, a la prueba creída y determinada por el Tribunal, y en su empeño de que se haga justicia completa y final a todas las partes en el caso".*

Como bien señaló el tribunal, la prueba durante el juicio será la determinante para la adjudicación de la reclamación y la que resuelva la nivelación entre los demandados y las reclamaciones que pudiera haber entre ellos. Los principios que rigen esta materia en el sistema de adjudicación de las obligaciones y los daños y perjuicios, ha sido objeto de clara interpretación jurisprudencial. Nuestro derecho reconoce la existencia de solidaridad entre co-causantes de un perjuicio ante el damnificado. Es claro que aunque la responsabilidad es solidaria, si uno de los deudores realiza el pago en proporción mayor a la responsabilidad que le corresponde, surge a su haber un crédito reclamable mediante la acción de nivelación. Esta no está sujeta a reconvención alguna y nace al momento del pago. *Ramos v. Caparra Dairy Inc.,* 116 D.P.R. 60, 63 (1985); *Torres Ortiz v. E .L.A,* ___ D.P.R. ___ (1994), **94 J.T.S 100**, pág. 12152.

Los demandados nos citan porciones aisladas de la sentencia, tomadas fuera de contexto, pero que vistas en conjunto tienen el propósito de que esta litigación se tramite bajo las normas adecuadas del descubrimiento de prueba y sus objetivos, y que la adjudicación que finalmente se emita sea aquella basada en la prueba que se presente a la consideración del tribunal. En nada implica la sentencia que se han desestimado reclamaciones de nivelación que puedan surgir durante el desfile de prueba.

Debemos aquí hacer constar el deber de los abogados de colaborar con la eficiente administración de los procesos judiciales, promoviendo que los casos se adjudiquen y no se

paralicen injustificadamente. *In re: Sánchez Rodríguez,* ___ D.P.R. ___ (1989), **89 J.T.S. 62,** pág. 6872. Recursos como el que se ha traido ante nuestra consideración inicialmente incompleto, luego obviando en los escritos enmendados nuestros señalamientos y reiterando planteamientos que ya fueron considerados por este Tribunal, van en contra de ese deber y deben evitarse en el futuro, so pena de sanciones. Regla 52.2 de las de Procedimiento Civil; Regla del Reglamento del Tribunal de Circuito de Apelaciones.

En virtud de todo lo anterior, disponemos lo siguiente:

1. Se deniega la Moción en Auxilio de Jurisdicción Suplementada.

2. Se ordena que la Secretaría de este Tribunal dé número y considere este recurso como uno de *Certiorari,* y así lo notifique a las partes con esta sentencia.

3. Se expide el recurso de *Certiorari* a los únicos fines de que se entienda eliminado el párrafo de la sentencia incluido en la página 18█ en el cual se indica que no hay razón para posponer dictar sentencia y ordena su registro y notificación. Ello, con el propósito de aclarar que el dictamen es uno interlocutorio, como lo dispuso posteriormente el tribunal recurrido, y lo sostiene la jurisprudencia.

4. Así modificada la sentencia, se deniega el recurso en cuanto a los planteamientos de errores señalados por los demandados, por entender que el tribunal recurrido actuó correctamente al desestimar las defensas afirmativas y las demandas de coparte, bajo las circunstancias expuestas en la sentencia recurrida.

Notifíquese por facsímil a los demandados comparecientes y a todas las partes por la vía ordinaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González
Secretaria General

## ESCOLIOS 95 DTA 131

1. *"...que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito y siempre que ordene expresamente que se registre sentencia."*

2. En nuestra Resolución de 6 de junio de 1995 discutimos este aspecto.

3. Transcripción Parcial de Evidencia, pág. 6.

4. *Ibid,* págs. 10 y 11.

5. De conformidad con el Artículo 4.002, *supra,* su presentación no paralizará los procedimientos ante el Tribunal de Primera Instancia, en cuanto a las cuestiones no comprendidas en el recurso, pero éste no podrá dictar sentencia final, salvo orden en contrario.

6. Este se presentó el 19 de junio de 1995, dentro de los treinta (30) días de la notificación de la sentencia.

7. En la sentencia recurrida, a la pág. 4 se indica que la moción debidamente fundamentada fue presentada el 3 de junio de 1994 y atendida el 27 de junio de 1994.

8. Sentencia recurrida, pág. 15.