# 99 DTA 188

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I - SAN JUAN
## PANEL III

ADA CECILIA ANDINO AYALA EN REPRESENTACION DE SU HIJA NORAIMA DAVILA ANDINO Y NORAIMA DAVILA ANDINO POR SI
Recurridas

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO Y DEPARTAMENTO DE SALUD, A TRAVES DEL HONORABLE PEDRO PIERLUISI, SECRETARIO DE JUSTICIA; UNIVERSIDAD DE PUERTO RICO, A TRAVES DEL ING. ENRIQUE IRIZARRY SORRENTINI, PRESIDENTE DEL CONSEJO SUPERIOR DE ENSEÑANZA; CONCILIO INTEGRAL DE SERVICIOS DE SALUD DE LOIZA, INC.; MUNICIPIO DE

LOIZA, A TRAVES DEL HONORABLE FERDINAND CARRASQUILLO AYALA, ALCALDE; COMPAÑIAS DE SEGUROS A, B Y C; CORPORACIONES A, B Y C; JOHN DOE Y JANE DOE
Peticionarios

Núm. KLCE-99-00409

San Juan, Puerto Rico, a 20 de mayo de 1999

Panel integrado por su Presidente, el Juez Arbona Lago
y los Jueces Brau Ramírez y Urgell Cuebas

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

### I

La parte peticionaria, Universidad de Puerto Rico *("la Universidad")*, recurre de una orden emitida el 19 de marzo de 1999 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la demanda por daños y perjuicios por impericia médica presentada contra la Universidad y las otras partes de epígrafe por las recurridas Ada Andino Ayala por sí y en representación de su hija menor Noraima Dávila Andino.

Mediante el dictamen en cuestión, el Tribunal denegó, con un *"no ha lugar"* una Moción Solicitando Sentencia Sumaria Parcial presentada por la Universidad en la cual dicha parte solicitaba que se aclarara que la demanda en su contra presentada por las recurridas estaba sujeta a los límites establecidos por la Ley Núm. 98 de 24 de agosto de 1994, 26 L.P.R.A. sec. 4105.

La parte peticionaria presentó una moción de reconsideración que no fue acogida por el Tribunal.

Denegamos.

### II

Según se desprende del recurso, la demanda de las recurridas está basada en una intervención quirúrgica

practicada a la recurrida Ada Andino Ayala el 26 de octubre de 1993, mientras dicha parte estaba embarazada, por facultativos empleados por la Universidad de Puerto Rico en el Hospital Universitario de Río Piedras. La intervención consistió de una cesárea, dando lugar al nacimiento de la recurrida Noraima Dávila Andino, seguida por una histerectomía radical.

Según las recurridas, los procedimientos en cuestión fueron llevados a cabo negligentemente por los médicos de la Universidad, ocasionando serios e irremediables daños a la recurrida Ada Andino Ayala y a su hija.

El 25 de octubre de 1994, las recurridas incoaron la presente acción por daños y perjuicios contra la Universidad y las otras partes de epígrafe, solicitando compensación por los daños sufridos.

La peticionaria y las otras partes contestaron la demanda, negando las alegaciones y levantando varias defensas. Entre otras alegaciones, la universidad planteó, como defensa afirmativa, que la reclamación en su contra estaba sujeta al límite de responsabilidad de $150,000.00 establecido por la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077, hecho extensivo a la Universidad mediante la Ley Núm. 98 de 24 de agosto de 1994, varios meses después de los hechos del caso, pero previo a la presentación de la demanda.

Luego de numerosos otros incidentes, incluyendo la presentación de un informe de Conferencia Preliminar entre Abogados ▮ el 19 de junio de 1998, la Universidad presentó una Moción Solicitando Sentencia Sumaria Parcial en Cuanto a la Aplicabilidad de la Ley Núm. 89 aprobada el 24 de agosto de 1994 al caso de autos. En su escrito, la Universidad alegaba que de acuerdo a la intención legislativa, la citada Ley Núm. 98 tenía efecto retroactivo a los hechos de este caso. Se solicitaba del Tribunal que declarara que *"de en su día prevalecer la parte demandante contra la Universidad de Puerto Rico, esta última sólo respondería al demandante en el caso de epígrafe hasta [el] límite establecido en la Ley Núm. 98."*

Las recurridas comparecieron en oposición a la solicitud de la Universidad.

Luego de otros incidentes, el 19 de marzo de 1999, el Tribunal de Primera Instancia emitió la orden recurrida, denegando la solicitud de la Peticionaria mediante un *"no ha lugar"*. La peticionaria presentó una moción de reconsideración, que no fue acogida por el Tribunal.

Insatisfecha, acudió entonces ante este Tribunal.

### III

En su recurso, la Universidad alega que erró el Tribunal al negarse a aplicar la limitación de responsabilidad establecida mediante la Ley Núm. 98.

La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3, autoriza a un tribunal a dictar sentencia sumaria cuando *"no existe controversia real sustancial en cuanto a ningún hecho material y ... como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente."* Véase, en general, *Rodríguez v. Secretario de Hacienda*, ___ D.P.R. ___ (1994), **94 J.T.S. 20,** a la pág. 11,550; *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714, 720 (1986); *Tello Rivera v. Eastern Air Lines*, 119 D.P.R. 83, 86 (1987). Se trata de un mecanismo para disponer de la totalidad o parte de una reclamación. *Mattei Nazario v. Vélez & Asoc.*, ___ D.P.R. ___ (1998), **98 J.T.S. 55,** a la pág. 924; *Soto v. Caribe Hilton*, ___ D.P.R. ___ (1994), **94 J.T.S. 128,** a la pág. 311; véase, además, 32 L.P.R.A. Ap. III, R. 36.2.

Su concesión está confiada a la discreción del foro de primera instancia. *PFZ Properties v. General Accident Insurance Corp.,* ___ D.P.R. ___ (1994), **94 J.T.S. 116,** a la pág. 125.

En la situación de autos, no obstante, su título, la Moción Solicitando Sentencia Sumaria Parcial presentada por la Universidad no interesa la adjudicación de alguna porción específica de la reclamación de las recurridas, sino que lo que se interesa es un pronunciamiento sobre un punto de derecho, la aplicabilidad de la Ley Núm. 98 a la reclamación de las recurridas. Dicho planteamiento, sin embargo, resulta prematuro en esta etapa, por cuanto el mismo dependería de que el Tribunal de Primera Instancia efectivamente llegase a resolver que la Universidad es responsable ante las recurridas por los hechos que se le imputan, lo que la peticionaria ha negado en esta etapa.

El Tribunal Supremo de Puerto Rico ha establecido que la facultad de los tribunales para declarar el derecho no debe ser ejercitada de forma abstracta sino que la misma debe ejercitarse en el contexto de una controversia concreta. Véase, *E.L.A. v. Aguayo,* 80 D.P.R. 552, 596-603 (1958).

En el presente caso, no entendemos que la denegatoria del Tribunal de Primera Instancia de la Moción de la Universidad conlleve pronunciamiento definitivo alguno de dicho Tribunal sobre los méritos del asunto de la aplicabilidad de la Ley Núm. 98 a la controversia de autos. La orden del Tribunal sobre este asunto constituye una resolución interlocutoria, *Camaleglo v. Dorado Wings, Inc.,* 118 D.P.R. 20, 26 (1986), que puede ser posteriormente reconsiderada por el Tribunal. *Torres Cruz v. Municipio de San Juan,* 103 D.P.R. 217, 221-222 (1975). Dicho planteamiento, según hemos expresado, no está maduro en esta etapa.

La Regla 40 del Reglamento de este Tribunal establece, entre otros criterios, para la expedición de un auto de *certiorari* para revisar una actuación interlocutoria del Tribunal de Primera Instancia *"[s]i el asunto planteado exige consideración más detenida a la luz de ... alegatos más elaborados",* *"[s]i la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración"* y *"[s]i la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio."*

La ponderación de estos factores en la presente situación milita en contra de la expedición del auto solicitado.

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General