Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GREGORIO MEJIAS VELAZQUEZ Y OTROS<br>Parte Peticionaria<br><br>v.<br><br>JOSÉ A. CRUZ RIVERA Y OTROS<br>Parte Recurrida | KLCE202401107 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>LP2022CV00041<br><br>Sobre:<br>Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de octubre de 2024.

Comparece el señor Gregorio Mejías Velázquez, su esposa Rosa María Cuadrado Nieves y la sociedad legal de gananciales compuesta por ambos (en adelante, matrimonio Mejías-Cuadrado), mediante recurso instado el 15 de octubre de 2024. Solicitan que revisemos la *Resolución* emitida el 13 de septiembre de 2024, y notificada el 16 de septiembre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao. Mediante el referido dictamen, el TPI denegó la oposición del matrimonio Mejías-Cuadrado y permitió la demanda contra tercero.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

## I.

El 17 de marzo de 2022, el matrimonio Mejías-Cuadrado incoó la demanda de epígrafe sobre desahucio en precario y cobro de dinero contra el señor José A. Cruz Rivera (en adelante, Sr. Cruz Rivera). En síntesis, el matrimonio Mejías-Cuadrado indicó ser

Número Identificador
RES2024_____

dueño de una propiedad inmueble de uso comercial sobre la cual suscribió, con el Sr. Cruz Rivera, un contrato de arrendamiento y opción de compraventa. Esgrimió que su obligación como arrendador y dueño del inmueble de vender al Sr. Cruz Rivera venció, sin que éste ejerciera la opción de compraventa. Añadió que, de igual forma, el contrato de arrendamiento había vencido, ante la falta de interés del arrendatario de renegociar un nuevo contrato según establecido en el acuerdo. Se alegó también que el arrendatario había incumplido su obligación de pago de los cánones de arrendamiento pactados. El matrimonio Mejías-Cuadrado adujo que en varias ocasiones le solicitó al Sr. Cruz Rivera el desalojo de la propiedad, pero que éste se había rehusado a abandonar el edificio. Así, en vista de que interesaba recuperar la posesión de la propiedad, el matrimonio Mejías-Cuadrado solicitó al TPI que ordenara el desalojo del Sr. Cruz Rivera mediante el procedimiento de desahucio en precario. Así también, requirió el pago de los cánones de arrendamiento adeudados.

El Sr. Cruz Rivera contestó la demanda el 30 de mayo de 2022. Arguyó que el arrendamiento continúa vigente por tácita reconducción. A su vez, solicitó la devolución de la suma pagada por concepto de opción y de ciertas mejoras que presuntamente realizó en el inmueble.

El 24 de agosto de 2022, el TPI ordenó la conversión de la causa de acción sobre desahucio sumario a uno ordinario.

Así las cosas, el 14 de septiembre de 2022, el matrimonio Mejías-Cuadrado presentó una *Moción solicitando sentencia sumaria.*

El 7 de octubre de 2022, el Sr. Cruz Rivera instó su *Moción en oposición de sentencia sumaria en esta etapa de los procedimientos,* cuyo título explica por sí mismo su propósito.

Así pues, en la vista argumentativa del 12 de octubre de 2022, el TPI requirió a las partes iniciar el descubrimiento de prueba, previo a adjudicar la sentencia sumaria.

Las partes llevaron a cabo el descubrimiento de prueba. Por consiguiente, en la vista sobre el estado de los procedimientos del 14 de septiembre de 2023, el TPI concedió término al Sr. Cruz Rivera para oponerse a la solicitud de sentencia sumaria.

El 16 de octubre de 2023, el Sr. Cruz Rivera presentó su *Moción en cumplimiento de orden,* en la que se opuso a la moción de sentencia sumaria. En igual fecha, presentó una *Moción solicitando autorización para enmendar contestación a demanda conforme a la Regla 58.6 de Procedimiento Civil de Puerto Rico,* para añadir a sus defensas afirmativas la tácita reconducción y la temeridad. En dicha moción, también solicitó autorización para incoar una demanda de tercero contra el corredor de bienes raíces José Arnaldo Batista Carriles.

El 24 de octubre de 2023, el TPI autorizó la presentación de la enmienda a la contestación a la demanda y de la demanda contra tercero. No obstante, dicha orden fue dejada sin efecto el 26 de octubre de 2023, cuando el TPI declaró con lugar la moción de reconsideración presentada por el matrimonio Mejías-Cuadrado y le concedió término para presentar su correspondiente escrito en oposición a la solicitud de enmienda a la contestación a la demanda y de autorización para presentar una demanda contra tercero.

El 13 de noviembre de 2023, el matrimonio Mejías-Cuadrado presentó la *Moción de la parte demandante en torno a escritos de la parte demandada en solicitud de permiso para enmendar alegaciones responsivas y en oposición a la sentencia sumaria.* Posteriormente, el 27 de marzo de 2024, instó otra moción requiriendo que el tribunal adjudicara la moción de sentencia sumaria del 14 de septiembre de 2022.

El TPI señaló la vista de conferencia con antelación a juicio para el 6 de noviembre de 2024. Así las cosas, el 7 de agosto de 2024, el Sr. Cruz Rivera incoó un escrito titulado *Demanda,* el cual comprende una reclamación contra tercero y una enmienda a la alegación responsiva.

El 28 de agosto de 2024, el matrimonio Mejías-Cuadrado contestó mediante una *Moción en oposición al escrito titulado "Demanda" radicado por la parte demandada el 7 de agosto de 2024, sin permiso del tribunal y solicitud de sanciones.*

El 16 de septiembre de 2024, el TPI dictó la orden objeto del presente recurso, en la que dispuso lo siguiente:

> No Ha Lugar a la oposición de la parte demandante respecto a la presentación de la demanda contra tercero radicada por la parte demandada. El Tribunal autorizó el pasado mes de octubre de 2023 la solicitud de la parte demandada de enmendar las defensas afirmativas y presentar demanda contra tercero.
>
> No Ha Lugar la solicitud de sanciones.[1]

Inconforme, el 15 de octubre de 2024, el matrimonio Mejías-Cuadrado acudió ante este Tribunal mediante recurso de *certiorari* en el que formuló los siguientes señalamientos de error:

> Primer error: El Honorable tribunal de Primera Instancia cometió grave error de derecho al emitir la resolución del 16 de septiembre de 2024 expresando que se había autorizado la[s] enmiendas a las defensas afirmativas y la presentación de la demanda contra tercero cuando del récord judicial surge que tales determinaciones fueron dejadas sin efecto mediante la resolución notificada el 26 de octubre de 2023, no obrando en el expediente ninguna otra resolución en torno a las enmiendas a las alegaciones o la demanda contra tercero.
>
> Segundo error: El Honorable tribunal de Primera Instancia cometió grave error de derecho en no resolver la moción de sentencia sumaria a pesar de que la misma dispone de la totalidad de las controversias litigiosas y la misma está sometida para adjudicación del TPI desde el 16 de octubre de 2023.

**II.**

---

[1] Apéndice del recurso, pág. 142.

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[2]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[3] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro

---

[2] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[3] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[4]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[5] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

---

[4] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[5] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

**B.**

El propósito de la figura procesal de la demanda contra tercero, Regla 12.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 12.1, es facilitar la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos.[6] Por ello, el Tribunal Supremo ha expresado que esta acción no crea, extiende o limita derechos sustantivos, sino que acelera su dilucidación.[7] Para lograrlo, la Regla 12.1 de Procedimiento Civil, *supra,* debe interpretarse liberalmente.[8]

La citada Regla 12.1, *supra,* dispone que la parte demandada podrá notificar, como demandante contra tercero, un emplazamiento y una demanda a una persona que no sea parte en el pleito y que sea o que pueda ser responsable a la parte demandada por la totalidad o parte de la reclamación de la parte demandante, o que sea o que pueda ser responsable a cualquier parte en el pleito.

De tal forma, este tipo de alegación procede solamente cuando la responsabilidad del tercero dependa en alguna forma del resultado de la acción principal o cuando el tercero le es secundaria o directamente responsable al demandante o a cualquier parte en el pleito.[9] También, existe un requisito de que esa reclamación contra tercero dependa, es decir, que sea contingente al resultado de la acción principal. Igualmente, debe existir un "entronque común" entre la demanda original y la reclamación que se presenta contra el tercero demandado.[10] Así pues, el "entronque común" se refiere a que exista una relación entre la acción original y la alegación que se presenta contra el tercero.[11] La regla no se puede utilizar para

---

[6] *Colón Negrón v. Mun. Bayamón,* 192 DPR 499, 514 (2015); *S.L.G. Szendrey v. Hospicare, Inc.,* 158 DPR 648, 653 (2003); *Camaleglo v. Dorado Wings, Inc.,* 118 DPR 20, 28 (1986).

[7] *Colón Negrón v. Mun. Bayamón,* supra; *S.L.G. Szendrey v. Hospicare, Inc.,* supra, págs. 653-654.

[8] *Camaleglo v. Dorado Wings, Inc.,* supra.

[9] *Colón Negrón v. Mun. Bayamón,* supra, pág. 516.

[10] *Íd.,* pág. 517.

[11] *Íd.,* pág. 520, *Maldonado Rivera v. Suáerz y otros,* 195 DPR 182, 192 (2016).

acumular en una acción controversias dispares por el mero hecho de que posean alguna relación común.[12] Éstas serán consideraciones que el tribunal deberá sopesar de acuerdo con las circunstancias particulares de cada caso, tomando en cuenta, además, la liberalidad con la cual se debe interpretar la regla.[13]

### III.

A la luz de las normas reglamentarias expuestas, el dictamen interlocutorio recurrido no está dentro de las situaciones en las que la Regla 52.1 de Procedimiento Civil, *supra,* nos autoriza a ejercer nuestra función revisora.

El matrimonio Mejías-Cuadrado recurre de una orden que denegó su oposición y permitió la demanda contra tercero. Alega que el demandante contra tercero, Sr. Cruz Rivera, no solicitó autorización al foro primario para presentar la demanda contra tercero y tampoco justificó la procedencia de la reclamación. Añadió que la demanda contra tercero es improcedente, pues el tercero demandado no fue parte compareciente, ni se obligó a los términos y condiciones del contrato de arrendamiento y opción de compraventa que dio origen al litigio.

En el presente caso, el tribunal recurrido interpretó la regla liberalmente. En el ejercicio de su discreción, entendió que procedía autorizar la demanda contra tercero. No vemos razón por la cual interferir con la discreción del TPI. Recordemos que, en el ejercicio de su discreción, el TPI podría permitir descubrimiento de prueba adicional si fuere necesario para salvaguardar los intereses de las partes. Además, la propia Regla 12.1 de Procedimiento Civil, *supra,* provee que cualquier parte puede solicitar la desestimación de una demanda contra tercero. Lo anterior no descarta la posible

---

[12] *Íd.,* págs. 517-518.
[13] *Íd.,* pág. 521.

imposición al Sr. Cruz Rivera de honorarios de abogado por frivolidad.

Por otro lado, a la fecha de presentación del recurso, el TPI aún no había adjudicado la moción de sentencia sumaria, por lo que no tenemos jurisdicción para pasar juicio sobre el segundo señalamiento de error planteado. Empero, advertimos que, el 24 de octubre de 2024, el TPI notificó la resolución resolviendo la sentencia sumaria. Por tanto, cualquier parte que lo entienda necesario, podrá presentar el correspondiente recurso ante este Tribunal, dentro del término provisto por nuestro ordenamiento procesal.

Recapitulando, no existen razones que justifiquen la intervención de este foro apelativo en esta etapa de los procedimientos. Siendo así, nos abstenemos de intervenir con el dictamen recurrido.

**IV.**

A la luz de lo expuesto, denegamos expedir el recurso de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones