PANEL VIII

| COOPERATIVA DE AHORRO Y CRÉDITO DE RINCÓN  Apelados  v.  ELLIOT MEJÍAS CORREA Y OTROS  Apelantes | KLAN202300553 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguada  Sobre: Ejecución de Hipoteca: Propiedad Residencial  Caso Núm.: AU2021CV00471 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Aldebol Mora

Domínguez Irizarry, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

La parte apelante, Elliot Mejías Correa, Vidalina Rivera Vargas y la Sociedad Legal de Bienes Gananciales compuesta por ambos, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la determinación emitida el 2 de mayo de 2023 y notificada el 4 de mayo de 2023, por el Tribunal de Primera Instancia, Sala de Aguada. Mediante la misma, el foro primario declaró *Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria* presentada por la parte apelada, Cooperativa de Ahorro y Crédito de Rincón.

Por los fundamentos que expondremos a continuación, confirmamos el dictamen emitido.

**I**

El 7 de septiembre de 2021, la parte apelada presentó la *Demanda* de epígrafe. En la misma, adujo, que, el 24 de septiembre de 2009, la parte apelante, suscribió a su favor un *Pagaré Hipotecario,* mediante el cual se obligó al pago de una suma

Número Identificador

SEN2023 _____

pertinentes. Así pues, peticionó al tribunal sentenciador la desestimación de la causa de acción de epígrafe.

El 27 de febrero de 2023, la parte apelada presentó una *Moción en Solicitud de Sentencia Sumaria.*[1] En su escrito, planteó que no existía controversia de hechos alguna en cuanto a la efectiva existencia de un préstamo hipotecario por la cantidad principal de $75,000.00 asumido por la parte apelante, ni sobre la existencia del derecho de hipoteca constituido en garantía de la referida obligación. De igual modo, la institución compareciente indicó que la prueba documental anejada a su pliego sustentaba el vencimiento, liquidez y exigibilidad de la deuda, toda vez la falta de pago atribuible a la parte apelante. Así, y tras demostrar que, a la fecha de su comparecencia, la hipoteca en litigio ya se encontraba debidamente inscrita en el Registro de la Propiedad, la parte apelada solicitó que se dictara sentencia sumaria a favor de sus alegaciones.

El 5 de abril 2023, la parte apelante, presentó *Oposición a Moción de Sentencia Sumaria.*[2] En el pliego sostuvo que, contrario a lo aducido por la parte apelada, existían hechos esenciales en controversia que impedían la disposición sumaria del asunto. Específicamente, afirmó que los asientos registrales del inmueble en disputa incumplían con el principio de tracto sucesivo, hecho que afectaba la validez de la inscripción del derecho de hipoteca en

---

[1] La parte apelada acompañó su *Moción en Solicitud de Sentencia Sumaria* con la siguiente prueba documental: documento intitulado *Uniform Residential Loan Aplication*; *Pagaré Hipotecario*; Escritura Número Treinta y Seis (36) sobre *Hipoteca en Garantía de Pagaré; Declaración Jurada en Apoyo a Solicitud de Sentencia Sumaria,* suscrita por Luis O. Valentín Feliciano en fecha de 23 de febrero de 2023; y documento intitulado *Certificación de Propiedad Inmueble* acreditando la inscripción del inmueble y la de la hipoteca en controversia.

[2] La parte apelante acompañó su *Oposición a Moción de Sentencia Sumaria* con la siguiente prueba documental: Escritura Número Cinco (5) intitulada *Compraventa* del 21 de febrero de 2008; *Copia Certificada* de la Escritura Número Trece (13) sobre *Segregación y Adjudicación* de fecha del 30 de abril de 2009; Instrumento Público Número Veinticinco (25) intitulado Acta Aclaratoria, con fecha del 10 de julio de 2009; Escritura Número Treinta y Seis (36) intitulada *Hipoteca en Garantía de Pagaré,* con fecha del 24 de septiembre de 2009, Copia Certificada del Instrumento Público Número Sesenta y Ocho (68) intitulado *Acta,* con fecha del 22 de diciembre de 2013; Escritura Número Tres (3) intitulada *Escritura de Ratificación y Subsanación,* con fecha del 10 de abril de 2019; y documento intitulado *Carta de Notificación.*

la Cooperativa de Ahorro y Crédito de Rincón y en consecuencia ordenar la ejecución de hipoteca.

Con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

## II

### A

La Regla 36.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite a una parte que solicite un remedio presentar una moción para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de esta. Así, el tribunal podrá dictar sentencia sumaria parcial para resolver cualquier controversia que sea separable de las controversias restantes. 32 LPRA Ap. V, R. 36.3; *Camaleglo v. Dorado Wings, Inc.*, 118 DPR 20, 25 (1986). Este mecanismo procesal es un remedio de carácter extraordinario y discrecional. Su fin es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa que trate. *Segarra Rivera v. Int'l Shipping et al*, 208 DPR 964, 979 (2022); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664,676 (2018). Un hecho material es "aquel que puede alterar el resultado de la reclamación de acuerdo al derecho aplicable." *Segarra Rivera v. Int'l Shipping et al*, supra, pág. 980. De este modo, y debido a la ausencia de criterios que indiquen la existencia de una disputa real en el asunto, el juzgador de hechos puede disponer del mismo sin la necesidad de celebrar un juicio en su fondo. *Universal Insurance Company y otro v. Estado Libre Asociado de Puerto Rico y Otros*, 2023 TSPR 24, 211 DPR __ (2023); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Luan Invest. Corp. v. Rexach Const. Co.,* 152 DPR 652, 665 (2000).

La doctrina considera que el uso apropiado de este recurso contribuye a descongestionar los calendarios judiciales y fomenta

utilizar dicho mecanismo, el tribunal deberá analizar los documentos que acompañan la correspondiente solicitud junto con aquellos sometidos por la parte que se opone a la misma y los otros documentos que obren en el expediente del tribunal. Iguales criterios debe considerar un tribunal apelativo al ejercer su función revisora respecto a la evaluación de un dictamen del Tribunal de Primera Instancia emitido sumariamente. *Segarra Rivera v. Int'l Shipping et al,* supra, 981-982; *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 114 (2015); *Vera v. Dr. Bravo,* supra, pág. 334.

**B**

Por su parte, la hipoteca es un derecho real de garantía que sujeta lo hipotecado, con independencia de su titular, a la facultad de eventualmente exigir su realización en valor, así como de tomar las medidas que resulten necesarias para salvaguardarlo, todo en aras de hacer valer la efectividad de una obligación dineraria principal. *R&G v. Registradora,* 162 DPR 602, 607 (2004). El derecho de hipoteca es de carácter accesorio, indivisible, de constitución registral y grava bienes inmuebles enajenables que permanecen en posesión de su propietario o titular. *Dist. Unidos Gas. v. Sucn. Declet Jiménez,* 196 DPR 96, 110 (2016); *Soto Solá v. Registradora,* 189 DPR 653, 662 (2013); L.R. Rivera, Rivera, *Derecho Registral Inmobiliario Puertorriqueño,* 3ra Ed., San Juan, Jurídica Editores, 2012, pág. 485.

Con relación a la constitución registral, toda hipoteca queda debidamente constituida si cumple con los siguientes requisitos: (1) que se establezca para asegurar el cumplimiento de una obligación principal; (2) que la cosa hipotecada pertenezca en propiedad a la persona que la hipoteca, y (3) que las personas que constituyan la hipoteca tengan libre disposición de sus bienes o, en caso de no tenerla, se hallen legalmente autorizados al efecto; (4) que la

*Registradora*, 183 DPR 610, 619 (2011). Así, se requiere que "el transferente de hoy sea el adquirente de ayer y que el titular registral actual sea el transferente de mañana". *Íd.*, citando a R.M. Roca Sastre y L. Roca-Sastre Muncunill, *Derecho Hipotecario*, 9na ed., Barcelona, Ed. Bosch, 2008, T. II, Vol. 1, pág. 429. La norma atinente al principio de tracto sucesivo, "exige que el historial jurídico de cada finca inmatriculada, respecto de sus sucesivos titulares registrales, aparezca sin saltos ni lagunas". *Id.*, citando a L. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 2da ed., San Juan, Editores Jurídica, 2002, pág. 219. Consecuentemente, si el mismo se incumple, como norma general, procede la denegatoria de la inscripción. *Íd.*

### III

En la presente causa, la parte apelante aduce que el Tribunal de Primera Instancia erró al dictar sentencia sumaria en su contra y, como resultado, al proveer para la súplica de la entidad apelada. Según sostiene, la hipoteca objeto de litigio nunca advino a la vida jurídica, toda vez que, a su juicio, el hecho de no haber comparecido en Escritura de Ratificación y Subsanación incidió sobre el tracto sucesivo relativo a la inscripción del referido derecho de garantía. Habiendo entendido sobre el antedicho señalamiento a la luz de los hechos establecidos y la norma aplicable, confirmamos la *Sentencia* apelada.

Un examen del expediente que atendemos nos lleva a concluir que el pronunciamiento apelado es uno conforme a derecho y a la prueba presentada. De los documentos de autos, no surge controversia alguna de hechos medulares que amerite dirimir el presente asunto mediante el cauce ordinario de adjudicación. Tras ejercer nuestras funciones revisoras, coincidimos con que, en el presente caso, concurren las condiciones procesales propias a la eficacia del mecanismo adjudicativo empleado por la sala

## IV

Por los fundamentos expuestos, se confirma la *Sentencia Sumaria* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.  La Juez Rivera Marchand disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| COOPERATIVA DE AHORRO Y CRÉDITO DE RINCÓN<br><br>Apelados<br><br>v.<br><br>ELLIOT MEJÍAS CORREA Y OTROS<br><br>Apelantes | KLAN202300553 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguada<br><br>Sobre: Ejecución de Hipoteca: Propiedad Residencial<br><br>Caso Núm.: AU2021CV00471 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Aldebol Mora

### VOTO DISIDENTE DE LA JUEZA RIVERA MARCHAND

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Respetuosamente disiento de la determinación mayoritaria por entender que procede revocar el dictamen recurrido.

Conforme surge del expediente, la Cooperativa de Ahorro y Crédito de Rincón instó un petitorio sumario en el que suplicó al foro primario que declarara ha lugar la demanda sobre cobro de dinero, por concepto de un préstamo hipotecario, por la cantidad principal de $75,000.00, más intereses, gastos, costas y honorarios de abogados, en contra de los apelantes. Solicitó la ejecución de la hipoteca dada en garantía del pagaré relacionado a un inmueble identificado como terreno "A" sito en Rincón. A lo antes, se opusieron los apelantes, Elliot Mejías Correa, Vidalina Rivera Vargas y la sociedad legal de gananciales compuesta por ambos. Destacaron que adquirieron el referido inmueble el 21 de febrero de 2008 mediante la Escritura Número Cinco (5) de Compraventa por $4,000.00 y el restante, no cobrado, subsiste como donación. Expusieron que, no existe controversia en torno a una solicitud posterior que realizó el Registrador de la Propiedad en anticipación a realizar el correspondiente acto de inscripción de la hipoteca. Ello,

Número Identificador

SEN2023 _____

defecto, una acción personal en cobro de dinero como tenedor del pagaré en la presente causa.

Por ello, al revisar *de novo* el petitorio sumario instado y la oposición instada por los apelantes según establece, *Roldán Flores v. M. Cuebas, Inc.,* 199 DPR 664 (2018), citando a *Meléndez González et al. v. M. Cuebas,* 193 DPR 100 (2015), soy de la opinión que subsisten controversias de hechos que impiden la adjudicación de la causa por la vía sumaria. De una revisión de la sentencia recurrida se desprende que, el TPI solo adjudicó de forma escueta la demanda incoada, sin atender propiamente las controversias de hechos y derecho presentadas. Dentro del marco jurídico antes enunciado, revocaría el dictamen apelado y devolvería el asunto ante el foro primario para la continuación de los procesos.

Por ello, respetuosamente disiento.

**MONSITA RIVERA MARCHAND**
**JUEZA DE APELACIONES**