Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| NITZA M. APONTE RAMOS; CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Apelantes<br><br>v.<br><br>ASOCIACIÓN DE GARANTÍA DE SEGUROS MISCELÁNEOS DE PUERTO RICO Y OTROS<br><br>Apelados | KLAN202400507 | Apelación procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Sobre:<br>Daños y Perjuicios; Subrogación<br><br>Caso Núm.:<br>RG2023CV00423 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2024.

La parte apelante, la Corporación del Fondo del Seguro del Estado (Fondo), en subrogación de los derechos de la señora Nitza M. Aponte Ramos, comparece ante nos para que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala de Fajardo, el 23 de abril de 2024, notificada el 24 de abril de 2024. Mediante la misma, el foro primario declaró *Ha Lugar* una *Moción de Sentencia Sumaria* presentada por la aquí apelada, Asociación de Garantía de Seguros Misceláneos, ello dentro de una acción civil sobre subrogación y daños y perjuicios promovida por la parte apelante. En consecuencia, se desestimó la acción de epígrafe en contra a la Asociación de Garantía de Seguros Misceláneos.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

**I**

El 24 de agosto de 2023, se presentó la demanda de epígrafe. En la misma se alegó que, para el 2 de agosto de 2013, la señora Aponte Ramos se encontraba laborando en el CDI Head Start Chiquitines (Head Start) del municipio de Río Grande. Conforme se adujo, en dicha fecha, la compañía codemandada, Humacao Maintenance & Roofing Service, Inc., realizaba ciertos trabajos de sellado de techo en el lugar, produciéndose una emanación de gases tóxicos que se trasladaron hasta el área de trabajo de la señora Aponte Ramos. Como resultado de ello, esta los inhaló.

Según se indicó en la demanda, dado lo anterior, y toda vez la alegada negligencia de la codemandada Humacao Maintenance & Roofing Service, Inc., la señora Aponte Ramos sufrió serios daños y angustias mentales, así como incapacidad e impedimentos permanentes. En particular, la demanda expuso que esta desarrolló problemas respiratorios y dolores de cabeza que precisaron de un "extenso tratamiento médico a través de la [Corporación del Fondo de Seguro del Estado]"[1], consistente en evaluaciones médicas, tratamiento rehabilitador, estudios neumológicos y visitas a médicos especializados, todo estimado en una suma de $300,000.00. A tenor con ello, la parte apelante sostuvo que, luego de múltiples trámites ante la Comisión Industrial y el Fondo, la última decisión del Administrador fue notificada el 30 de junio de 2023. De este modo, la parte apelante solicitó al tribunal primario que proveyera para el pago de la suma antes aludida por concepto de los daños sufridos por la señora Aponte Ramos, así como una suma adicional de $9,209.56, por razón de los gastos por ella incurridos por el Fondo en el tratamiento pertinente, ello a tenor con lo dispuesto en la Ley

---

[1] Véase: Apéndice, Anejo 3: *Demanda,* pág. 19.

del Sistema de Compensaciones por Accidentes en el Trabajo, Ley Núm. 45 de 18 de abril de 1935, 11 LPRA sec. 1, *et seq.*

E 5 de febrero de 2024, la parte apelada presentó una *Moción en Solicitud de Sentencia Sumaria.* En el pliego, planteó que la reclamación de la parte apelante era una tardía, por haber transcurrido el término de noventa (90) días dispuesto para radicar el formulario de reclamación competente, todo de conformidad con la Orden de Liquidación de Integrand Assurance Company (Integrand), compañía aseguradora de Humacao Maintenance & Roofing Service, Inc. Sobre este particular destacó que la referida Orden de Liquidación se emitió mediante *Sentencia* del 25 de septiembre de 2019 en el caso Civil Núm. SJ2019CV05525, por lo que, afirmó, el término en cuestión venció el 24 de diciembre de 2019. A su vez, la parte apelada indicó que, de los archivos del trámite de liquidación de Integrand, no surgía la póliza expedida a favor de Humacao Maintenance & Roofing Service, Inc., para el periodo en el que se produjo el accidente de trabajo alegado. De este modo, afirmó que, ni Integrand, como aseguradora en liquidación, ni ella, podían proveer cubierta alguna por los daños reclamados.

A los fines de apoyar dicha afirmación, la parte apelada expuso que, mediante carta del 8 de enero de 2024, el liquidador de Integrand ratificó el hecho de que, en efecto, de los archivos electrónicos y físicos de la referida entidad, no surgía la póliza en beneficio de Humacao Maintenance & Roofing Service, Inc. Añadió que, si bien, el 10 de enero de 2024, esta solicitó la reconsideración de dicha determinación, ello bajo la afirmación de que sí poseía una cubierta de seguro para el término en el cual se produjo el accidente en controversia, el 15 de enero de 2024, la Oficina de Liquidaciones de Integrand denegó la misma. Así, al amparo de lo antes expuesto, la parte apelada sostuvo que no existía controversia de hechos alguna en cuanto a que, ni la señora Aponte Ramos, ni el Fondo, ni

Humacao Maintenance & Roofing Service, Inc., presentaron el correspondiente formulario de reclamación dentro del periodo de noventa (90) días en cuestión, ello a los efectos de ser acreedores de cubierta alguna. De esta forma, solicitó al tribunal primario que desestimara sumariamente la demanda de epígrafe en cuanto a su persona.[2]

El 5 de marzo de 2024, la codemandada Humacao Maintenance & Roofing Service, Inc. presentó su *Oposición a Sentencia Sumaria*. En esencia, planteó que existía una genuina controversia de hechos en cuanto a la efectiva existencia, o no, de una póliza vigente expedida a su favor para cubrir los daños alegados en su contra en el pleito de autos. Sobre ello, indicó que, dado a que el accidente de trabajo en litigio ocurrió a más de diez (10) años previo a la presentación de la demanda, resultaba meritorio proveer para un descubrimiento de prueba amplio para corroborar si, en efecto, no existía constancia en los archivos de Integrand sobre la existencia de la póliza en controversia. Con relación a ello, afirmó que existía evidencia sobre su condición de asegurada de Integrand durante, al menos, los quince (15) años previos a su liquidación. Específicamente, sostuvo que la póliza de seguro número CP028061432 expedida a su favor, se mantuvo vigente desde el 6 de marzo de 2013 al 6 de marzo de 2014, siendo renovada posteriormente. De este modo, indicó que no resultaba procedente disponer sumariamente del asunto, toda vez que se

---

[2] La parte apelada acompañó su *Moción en Solicitud de Sentencia Sumaria* con la siguiente prueba documental: 1) carta del 8 de enero de 2024, suscrita por la Liquidadora Auxiliar de Integrand Assurance Company y dirigida a Humacao Maintenance & Roofing Service, Inc., en la que se informó que la demanda de epígrafe se presentó en exceso del término de noventa (90) días desde la Orden de Liquidación de Integrand Assurance Company, así como que, de los archivos de la entidad, no surgía póliza alguna a su favor para el término en disputa; 2) carta del 15 de enero de 2024 suscrita por la Liquidadora Auxiliar de Integrand Assurance Company y dirigida a Humacao Maintenance & Roofing Service, Inc., notificando la denegatoria de la reconsideración solicitada respecto a la determinación sobre la inexistencia de una póliza vigente a su favor; 3) copia de la *Sentencia* sobre *Orden de Liquidación* de Integrand Assurance Company.

hacía meritorio considerar toda la prueba relacionada a sus argumentos.

A su vez, en el pliego, y en cuanto a la afirmación sobre la falta de presentación oportuna del formulario de reclamación, Humacao Maintenance & Roofing Service, Inc. expuso que no fue sino hasta el 30 de junio de 2023, cuando se notificó la última determinación sobre el tratamiento de la señora Aponte Ramos, por lo que, podía presumirse que, hasta dicho momento, no existía reclamación alguna en su contra. En este contexto, añadió que, de conformidad con el Artículo 29 de la Ley de Sistema de Compensaciones por Accidentes en el Trabajo, Ley Núm. 45 de 18 de abril de 1935, 11 LPRA sec. 32, podía compelerse a un tercero responsable de la lesión a un pleito, ello dentro del año siguiente a la fecha en la que fuere final y firme la resolución del caso por el Administrador del Fondo. Igualmente, expresó que la Orden de Liquidación de Integrand, en su Cláusula 45, expresamente disponía que el término de noventa (90) días en cuestión, podía ser extendido a solicitud de liquidador, según peticionado al tribunal. También, aludió a lo dispuesto en el Artículo 40.320 del Código de Seguros de Puerto Rico, Ley Núm. 73 de 31 de mayo de 1973, 26 LPRA sec. 4032, ello en cuanto a los términos de la radicación de reclamaciones. En lo atinente, destacó que, a tenor con la referida disposición, podía permitirse una reclamación tardía ante un liquidador, en ocasión a que el reclamante desconociere la existencia del caso y la presentare dentro de los noventa (90) días posteriores a la fecha en la que se enteró. A la luz de dicha premisa, nuevamente afirmó que, a la fecha en la que se emitió la Orden de Liquidación de Integrand, la demandante se encontraba bajo tratamiento en el Fondo, y que no fue, sino, hasta el 18 de diciembre de 2023, fecha en la que recibió el emplazamiento de la demanda, que advino al conocimiento de la misma. Humacao Maintenance & Roofing Service, Inc. expuso que,

dado a lo anterior, no resultaba posible que acudiera ante la parte apelada dentro de los noventa (90) días siguientes a la liquidación de Integrand. Así, sostuvo, que resultaba meritorio dirimir, mediante la vía ordinaria de adjudicación, la procedencia de su reclamación tardía. De este modo, solicitó al Tribunal de Primera Instancia que denegara la solicitud de sentencia sumaria promovida por la parte apelante.[3]

Así las cosas, el 6 de marzo de 2024, la señora Aponte Ramos también presentó su *Oposición a Solicitud de Sentencia Sumaria Presentada por la Parte Codemandada Asociación de Seguros Misceláneos de Puerto Rico*. En lo atinente, acogió los argumentos de Humacao Maintenance & Roofing Service, Inc., ello en cuanto a que, para la fecha del incidente en controversia, esta estaba debidamente asegurada mediante una póliza expedida por Integrand. Al proseguir

---

[3]Humacao Maintenance & Roofing Service, Inc. acompañó su pliego con los siguientes documentos: 1) declaración jurada suscrita por el señor José Colón Hernández, productor de seguros y representante de Integrand Assurance, dando fe de que, durante, al menos, quince (15) años previo a que esta fuera liquidada, fue la aseguradora de Humacao Maintenance & Roofing Service, Inc., quien mantuvo por dicho periodo, vigentes sus pólizas; 2) carta con fecha del 9 de enero de 2024, suscrita por la Analista de Cuentas de Progressive Finance & Investment LLC, certificando haber financiado el pago de la póliza CP028061432 para el periodo comprendido entre el 10 de abril de 2013 al 10 de diciembre de 2013; 3) copia de *Contrato de venta al Por Menor a Plazos* suscrito entre Humacao Maintenance & Roofing Service, Inc. y Progressive Finance & Investment LLC; 5) carta del 15 de enero de 2024 suscrita por la Liquidadora Auxiliar de Integrand Assurance y dirigida a Humacao Maintenance & Roofing Service, Inc. denegando la reconsideración sobre la determinación del 8 de enero de 2024, ello respecto a la inexistencia de póliza de seguros expedida a su favor para el periodo en el que ocurrió el accidente de trabajo en litigio; 6) copia de carta del 8 de enero de 2024 suscrita por la Liquidadora Auxiliar de Integrand Assurance y dirigida a Humacao Maintenance & Roofing Service, Inc. declarando como tardía su reclamación e informando que de los archivos de la entidad no surgía la existencia de una póliza a favor de Humacao Maintenance & Roofing Service, Inc.; 7) carta con fecha del 24 de enero de 2024 suscrita por el representante legal de Humacao Maintenance & Roofing Service, Inc., dirigida al Comisionado de Seguros de Puerto Rico, notificando que, el 18 de diciembre de 2024, la compañía fue emplazada del pleito de epígrafe, afirmando que, para la fecha de los hechos estaba asegurada por Integrand Assurance y explicando que no presentó su formulario de reclamación con anterioridad por desconocer de la acción; 8) copia del *Formulario de Reclamación bajo Fianzas o de Colateral* sometido por Humacao Maintenance & Roofing Service, Inc., con fecha del 24 de enero de 2024; 9) copia del diligenciamiento del emplazamiento del pleito de autos en cuanto a la persona de Humacao Maintenance & Roofing Service, Inc, con fecha de 18 de diciembre de 2023; 10) copia de la demanda de epígrafe; 11) carta del 14 de febrero de 2024 suscrita por la Liquidadora Auxiliar de Integrand y dirigida al representante legal de Humacao Maintenance & Roofing Service, Inc., notificando que la presentación del formulario de reclamación fue tardía; 12) copia de la *Sentencia* sobre *Orden de Liquidación* de Integrand Assurance; 13) copia de la demanda de autos; 14) copia de factura de la póliza de seguros en controversia para el periodo de marzo de 2014 a marzo de 2015, según renovada.

en sus argumentos, igualmente expresó que el asunto litigioso en controversia lo era determinar si la presentación del formulario de reclamación de Humacao Maintenance & Roofing Service, Inc., como asegurado de la liquidada Integrand fue una idónea, de modo que la entidad aquí apelada viniera llamada a satisfacer la correspondiente cubierta. La señora Aponte Ramos sostuvo que la Orden de Liquidación de Integrand no indicó cuándo comenzaba a decursar el término para que un asegurado presentara su formulario de reclamación, una vez adviene al conocimiento de que le están reclamando, por lo que resultaba meritorio que dicho asunto fuera debidamente auscultado. A su vez, indicó que el Código de Seguros, *supra,* buscaba proteger los intereses de los asegurados, reclamantes, acreedores y público en general, razón por la cual debía interpretarse a favor de lograr una mayor eficiencia en los procesos relacionados a una liquidación. De este modo, la apelante Aponte Ramos solicitó que se denegara la moción de sentencia sumaria promovida por la parte apelada.[4]

Tras ciertas incidencias, el 7 de marzo de 2024, el Fondo presentó su *Oposición a Moción de Sentencia Sumaria.* Entre sus argumentos, afirmó que no existía disputa alguna en cuanto a que proveyó tratamiento médico a la señora Aponte Ramos por razón del accidente de trabajo en controversia. Ahora bien, tal cual lo propuesto en los escritos en oposición antes aludidos, también se

---

[4] La apelante Aponte Ramos acompañó su escrito en oposición con la siguiente prueba documental: 1) copia de correo electrónico con fecha del 2 de febrero de 2024, informando que no se recibió cierta información solicitada relativa a la condición de asegurado de Humacao Maintenance & Roofing Service, Inc.; 2) copia de carta del 14 de febrero suscrita por Liquidadora Auxiliar de Integrand Assurance y dirigida al representante legal de la apelante Aponte Ramos, indicando que la presentación de su formulario de reclamación fue una tardía; 3) copia de *Formulario de Reclamación de Responsabilidad* sometido por la apelante Aponte Ramos, con fecha del 29 de enero de 2024; 4) copia de la demanda de epígrafe; 5) copia de carta con fecha del 5 de marzo de 2024 suscrita por el representante legal de la apelante Aponte Ramos, dirigida a la Oficina del Comisionado de Seguros de Puerto Rico; 6) copia de carta con fecha del 24 de enero de 2024 suscrita por el representante legal de Humacao Maintenance & Roofing Service, Inc. y dirigida a la Oficina del Comisionado de Seguros de Puerto Rico; 7) copia del *Formulario de Reclamación bajo Fianzas o de Colateral* sometido por Humacao Maintenance & Roofing Service, Inc., con fecha del 24 de enero de 2024.

reafirmó que existía una genuina controversia de hechos relacionada a la eficacia de la presentación de los formularios de reclamación. Específicamente, planteó que, en aras de proteger los derechos del obrero, la Ley Núm. 45, *supra*, proveía una suspensión de todo término que se relacionara a cualquier tipo de reclamación que pudiera tener a raíz de los daños resultantes de un accidente de trabajo. Con relación a ello, se reafirmó que la última decisión del Administrador del Fondo sobre el tratamiento de la señora Aponte Ramos, se emitió el 30 de junio de 2023, por lo que, a dicha fecha, la suspensión antes aludida resultaba efectiva. A su vez, añadió que el Código de Seguros, *supra*, en su Artículo 40.320, permitía a un liquidador validar la presentación de una reclamación tardía, en caso de que se demostrara el desconocimiento de una reclamación. Al respecto, indicó que previo a que la señora Aponte Ramos fuera dada de alta del Fondo, no poseía conocimiento de su posible causa de acción contra la aseguradora liquidada, por lo que, habiéndose radicado la demanda de autos dentro de los noventa (90) días siguientes a la notificación del Administrador del Fondo, su reclamación judicial constituyó la reclamación mandatada por el Código de Seguros, *supra.* Así, el Fondo sostuvo que resultaba procedente examinar la controversia entre las partes a la luz todas las condiciones legales involucradas, por lo que solicitó que se declarara sin lugar la moción de sentencia sumaria de la parte apelante. Destacamos que el Fondo no acompañó su pliego con prueba documental alguna.

El 24 de abril de 2024, el Tribunal de Primera Instancia notificó la *Sentencia Parcial* que nos ocupa. Mediante la misma, acogió los planteamientos de la parte apelada y, en consecuencia, proveyó para la desestimación de la causa de epígrafe en cuanto a su persona. En específico, concluyó que los argumentos en oposición presentados por los codemandados en el pleito no

resultaban determinantes ante el hecho indefectible de que sus respectivos formularios de reclamación no fueron sometidos dentro del periodo de noventa (90) días dispuesto en la Orden de Liquidación de Integrand. El tribunal primario dispuso que, a tenor con los hechos incontrovertidos, se estableció que la liquidación de la referida entidad se produjo el 23 de septiembre de 2019, fecha desde la cual comenzó a transcurrir el término de noventa (90) días fatales para presentar los formularios de reclamaciones pertinentes al caso de autos, cuyo vencimiento se produjo el 24 de diciembre de 2019. Añadió que, en la presente causa, el Liquidador de Integrand, denegó la solicitud de cubierta de Humacao Maintenance & Roofing Service, Inc., así como la de la señora Aponte Ramos, por razón de haberse presentado fuera del antedicho plazo, todo sin ejercer su discreción de acoger una solicitud tardía y, en consecuencia, sin remitirlo a la aquí apelada. A la luz de ello, indicó que, a tenor con lo dispuesto en el Código de Seguros, *supra,* la parte apelada fue creada con el propósito de tramitar y satisfacer reclamaciones debidamente cubiertas y presentadas de manera oportuna, por lo que, en defecto de ello, está legalmente impedida de actuar de conformidad. Al proseguir, el foro sentenciador expresó que, de la Orden de Liquidación judicialmente emitida en cuanto a Integrand, surgía una prohibición expresa en cuanto a iniciar un pleito judicial en contra de un asegurador, sin antes haber agotado los remedios administrativos pertinentes a los procesos de liquidación, todo dentro del término establecido. Añadió que, según reconocido en la Orden de referencia, la falta de reclamación dentro del periodo indicado se intimaría como una renuncia a tal derecho. De este modo, al amparo de lo anterior, y afianzándose en que no se controvirtió el hecho de que, el 24 de diciembre de 2019, venció el término de noventa (90) días de los cuales las aquí apelantes y los

codemandados en el pleito disponían para actuar, declaró *Ha Lugar* la solicitud de sentencia sumaria promovida por la parte apelada.

Inconforme, el 24 de mayo de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo exponen el siguiente señalamiento:

> Erró el Tribunal de Primera Instancia al desestimar la demanda a favor de la Asociación de Garantía de Seguros Misceláneos debido a que la parte demandante y la Corporación del Fondo del Seguro del Estado no radicaron antes de la fecha límite establecida en la Orden de Liquidación de Integrand Assurance Company el formulario de reclamación.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de las partes de epígrafe, procedemos a expresarnos.

## II

## A

La Regla 36.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1, permite a una parte que solicite un remedio presentar una moción para que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de esta. Así, el tribunal podrá dictar sentencia sumaria parcial para resolver cualquier controversia que sea separable de las controversias restantes. 32 LPRA Ap. V, R. 36.1; *Cruz, López v. Casa Bella y otros, 2024 TSPR 47, 213 DPR ___ (2024); Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *Camaleglo v. Dorado Wings, Inc.*, 118 DPR 20, 25 (1986). Este mecanismo procesal es un remedio de carácter extraordinario y discrecional. Su fin es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa que trate. *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 979 (2022); *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018). Un hecho material es "aquel que puede alterar el resultado de la reclamación

de acuerdo al derecho aplicable". *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 980. De este modo, y debido a la ausencia de criterios que indiquen la existencia de una disputa real en el asunto, el juzgador de hechos puede disponer del mismo sin la necesidad de celebrar un juicio en su fondo. *Universal Ins. y otro v. ELA y otros,* 211 DPR 455, 457 (2023); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *Luan Invest. Corp. v. Rexach Const. Co.,* 152 DPR 652, 665 (2000).

La doctrina considera que el uso apropiado de este recurso contribuye a descongestionar los calendarios judiciales y fomenta así los principios de celeridad y economía procesal que gobiernan nuestro ordenamiento jurídico. *Segarra Rivera v. Int'l Shipping et al.*, supra, págs. 979-980*; Vera v. Dr. Bravo,* 161 DPR 308, 331-332 (2004). Por tanto, la sentencia sumaria permite la pronta adjudicación de las controversias cuando una audiencia formal resulta en una dilación innecesaria de la tarea judicial. Así pues, esta solo debe ser utilizada en casos claros, cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda y falte solo disponer de las controversias de derecho existentes. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 676; *Vera v. Dr. Bravo,* supra, pág. 334; *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 DPR 881, 911-912 (1994).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer mediante prueba admisible en evidencia la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción. Además, deberá demostrar que, a la luz del derecho sustantivo, amerita que se dicte sentencia a su favor. *Rodríguez García v. UCA,* supra, pág. 941; *Ramos Pérez v. Univisión,* 178 DPR 200, 218 (2010); *Vera v. Dr. Bravo,* supra, pág. 333*.* Para que tal sea el resultado, viene llamado a desglosar en párrafos numerados los hechos respecto a los cuales aduce que no

existe disputa alguna. Una vez expuestos, debe especificar la página o párrafo de la declaración jurada u otra prueba admisible que sirven de apoyo a su contención. 32 LPRA Ap. V, R. 36.3(a)(4); *Roldán Flores v. M. Cuebas, et al.,* supra, pág. 677*; SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 432-433 (2013).

Para derrotar una moción de sentencia sumaria, la parte que se opone a la misma viene llamada a presentar declaraciones juradas o documentos que controviertan las alegaciones pertinentes. 32 LPRA Ap. V, R. 36.5. Por ello, tiene la obligación de exponer de forma detallada aquellos hechos relacionados al asunto que evidencien la existencia de una controversia real que deba ventilarse en un juicio plenario. *Roldán Flores v. M. Cuebas, et al.,* supra, pág. 678*; SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 434; *Rodríguez de Oller v. TOLIC,* 171 DPR 293, 311 (2007). En esta tarea, tiene el deber de citar específicamente los párrafos, según enumerados por el promovente, sobre los cuales estima que existe una genuina controversia y, para cada uno de los que pretende controvertir, detallar de manera precisa la evidencia que sostiene su impugnación. Regla 36.3(b)(2) de Procedimiento Civil, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 433.

Cuando de las propias alegaciones, admisiones o declaraciones juradas surge una controversia *bona fide* de hechos, la moción de sentencia sumaria resulta ser improcedente. Ante ello, el tribunal competente debe abstenerse de dictar sentencia sumaria en el caso y cualquier duda en su ánimo lo debe llevar a resolver en contra de dicha solicitud. *Vera v. Dr. Bravo,* supra, págs. 333-334*; Mgmt. Adm. Servs., Corp. v. ELA,* 152 DPR 599, 611 (2000). Al evaluar la solicitud de sentencia sumaria, el tribunal debe cerciorarse de la total inexistencia de una genuina controversia de hechos. *Rodríguez García v. UCA,* supra, pág. 941; *Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 618 (1990). Lo anterior responde a

que todo litigante tiene derecho a un juicio en su fondo cuando existe la más mínima duda sobre la certeza de los hechos materiales y esenciales de la reclamación que se atienda. *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 185 (2005). Por ese motivo, previo a utilizar dicho mecanismo, el tribunal deberá analizar los documentos que acompañan la correspondiente solicitud junto con aquellos sometidos por la parte que se opone a la misma y los otros documentos que obren en el expediente del tribunal. Iguales criterios debe considerar un tribunal apelativo al ejercer su función revisora respecto a la evaluación de un dictamen del Tribunal de Primera Instancia emitido sumariamente. *Segarra Rivera v. Int'l Shipping et al.*, supra, págs. 981-982; *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 114 (2015); *Vera v. Dr. Bravo,* supra, pág. 334.

En *Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119, el Tribunal Supremo de Puerto Rico estableció el estándar específico a emplearse por este foro apelativo intermedio al revisar las determinaciones del foro primario con relación a los dictámenes de sentencias sumarias. A tal fin, se expresó como sigue:

> **Primero,** reafirmamos lo que establecimos en *Vera v. Dr. Bravo,* supra, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra,* y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.
>
> **Segundo,** por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su

Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y discutidos en *SLG Zapata-Rivera v. JF Montalvo,* supra.

**Tercero,** en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

**Cuarto,** y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

**B**

Por su parte, sabido es, dada su importancia, complejidad y efecto, tanto en la economía como en la sociedad, la industria de los seguros está revestida de un alto interés público, por lo que ha sido ampliamente regulada por el Estado. *Maderas Tratadas v. Sun Alliance, et al.,* 185 DPR 880, 896 (2012). El Código de Seguros de Puerto Rico, Ley Núm. 73 de 31 de mayo de 1973, 26 LPRA sec. 101 *et seq.,* es la ley especial a través de la cual se reglamentan las prácticas y requisitos del negocio de los seguros. Toda vez el principio de especialidad, las disposiciones del Código Civil le aplican supletoriamente. *Con. Tit. Aquamarina, et al. v. Triple-S,* 210 DPR 344, 356 (2022).

El contrato de seguro es aquel "mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". 26 LPRA sec. 102. En estos contratos, "el asegurador asume determinados riesgos a cambio del cobro de una prima o cuota, en virtud de la cual se obliga a responder por la carga económica que recaiga sobre el asegurado, en el caso de que ocurra

algún evento especificado en el contrato". *Feliciano Aguayo v. Mapfre,* 207 DPR 138, 149 (2021). Así, los contratos de seguros tienen como característica esencial la obligación del asegurador de indemnizar al asegurado. *Íd.*

En lo aquí atinente, el Código de Seguros, *supra,* contempla el escenario del estado de insolvencia de una compañía de seguros. En atención a ello, en su Artículo 40.140, faculta al Comisionado de Seguros para solicitar la liquidación judicial de la aseguradora de que trate. 26 LPRA sec. 4014. "Este procedimiento de liquidación se inicia a partir de la orden de liquidación emitida por el tribunal competente. En esta, se designa al Comisionado de Seguros como el liquidador de la aseguradora insolvente y se le autoriza a tomar posesión inmediata de sus activos para administrarlos bajo la supervisión del tribunal". 26 LPRA sec. 4015; *Rodríguez Quiñones v. Longhorn Steakhouse,* 202 DPR 158, 162 (2019). Tras emitida una orden de liquidación respecto a una aseguradora insolvente, el Código de Seguros, *supra,* impide que se presenten o se sostengan pleitos judiciales en contra de la misma. Sobre este particular, el Código de Seguros, *supra,* en su Artículo 40.210, dispone como sigue:

> (1) Al emitirse una orden nombrando un liquidador de un asegurador del país o de un asegurador foráneo domiciliado en Puerto Rico, no se radicará ninguna acción judicial contra el asegurador o contra el liquidador, ni en Puerto Rico, ni en cualquier otro lugar, ni se mantendrá ni instará una acción de esa naturaleza luego de emitida la orden. [...].
>
> [...]. 26 LPRA. sec. 4021.

Cónsono con lo anterior, y a los fines de propender a una justa liquidación de los activos de la aseguradora insolvente, como regla general, los pleitos pendientes en su contra deben ser desestimados y remitidos al foro que administra el procedimiento de liquidación. *Rodríguez Quiñones v. Longhorn Steakhouse,* supra, págs. 162-163.

Ahora bien, a manera de excepción, existen reclamaciones contra aseguradoras insolventes que no tienen que ser desestimadas, ni canalizadas mediante el foro de liquidación, ello por razón de que, quien responde por las mismas es la *Asociación de Garantía,* entidad que, "para todos los efectos, opera como 'una aseguradora de la aseguradora insolvente'." *Íd.,* pág. 163. En este contexto, resulta preciso destacar que, mediante la aprobación de la Ley Núm. 72-1991, 26 LPRA secs. 3801 a la 4055, se enmendaron las disposiciones de los Capítulos 38, 39 y 40 del Código de Seguros, *supra,* a fin de ampliar "la protección para el público consumidor de seguros y otorga[r] mayores poderes a los comisionados de seguros para actuar en el caso de un asegurador que opere con menoscabo al capital o quede insolvente". Exposición de Motivos de la Ley Núm. 72-1991. Pertinente a lo que nos ocupa, el referido estatuto creó la Asociación de Garantías de Seguros Misceláneos de Puerto Rico (Asociación de Garantía), compuesta, la misma, por todos los aseguradores autorizados a tramitar cualquier tipo de seguro en nuestra jurisdicción, excepto los expresamente excluidos por la Ley.

El Capítulo 38 del Código de Seguros, *supra,* rige lo concerniente a la función de la Asociación de Garantía. De conformidad con lo dispuesto en el Artículo 38.020 del referido cuerpo legal, la creación de la Asociación de Garantía responde al propósito de:

> […] crear un mecanismo para el pago de las reclamaciones cubiertas bajo determinadas pólizas de seguro con el fin de evitar dilaciones en el pago, evitar pérdidas financieras a los reclamantes o tenedores de pólizas como resultado de la insolvencia de un asegurador, ayudar a detectar y prevenir la insolvencia de un asegurador, ayudar a detectar y prevenir la insolvencia de aseguradores y establecer una asociación que distribuya el costo de esta protección entre los aseguradores mediante la imposición de derramas.
>
> 26 LPRA sec. 3802.

A tenor con lo anterior, y sujeto a ciertas limitaciones, la Asociación de Garantía sustituye al asegurador insolvente. No obstante, en dicha gestión, esta solo viene obligada a responder por aquellas reclamaciones debidamente cubiertas por la Ley. En este aspecto, el Código de Seguros, *supra,* expresamente define lo que constituye una *reclamación cubierta,* como aquella "reclamación no pagada, incluyendo una de primas no devengadas, que surja de, y esté dentro de la cubierta y esté sujeta a los límites aplicables de una póliza de seguros [...]." 26 LPRA sec. 3805 (6). Así, esta habrá de satisfacer sus obligaciones, ello en cuanto a las reclamaciones cubiertas, todo de conformidad con las condiciones y límites del asegurador insolvente. 26 LPRA sec. 3808(a)(2).

Ahora bien, a los fines de delimitar la intervención de la Asociación de Garantía en la tarea de responder por las obligaciones de una aseguradora insolvente, el Código de Seguros, *supra*, provee como sigue:

> [...]
>
> Independientemente de otras disposiciones de este capítulo, una reclamación cubierta no **incluirá una reclamación radicada con la Asociación después de la fecha final que fije el tribunal para la radicación de reclamaciones contra el liquidador o administrador del asegurador insolvente**. [...].
>
> [...]. 26 LPRA 3808 (a) (1) (C). (Énfasis nuestro).

Como corolario de lo anterior, el Código de Seguros reconoce que la Asociación de Garantía, "solo tramitará aquellas reclamaciones que se hayan presentado dentro del periodo establecido conforme a las disposiciones de la sec. 4019 de este título, aun cuando se haya reclamado por la vía judicial". 26 LPRA sec. 3808(4)[5]. Así, sobre este particular, la doctrina interpretativa es enfática al disponer que la presentación oportuna y adecuada de un

---

[5] Destacamos que la Sección 4019 a la que hace referencia la precitada disposición versa sobre las exigencias de notificación con las cuales debe cumplir todo proceso de liquidación de una aseguradora por parte del liquidador.

formulario de reclamación ante un foro de liquidación, por parte de un reclamante, constituye el criterio medular para que la Asociación de Garantía pueda conocer cuáles son los pleitos en los que debe comparecer por la aseguradora insolvente. *Rodríguez Quiñones v. Longhorn Steakhouse, supra*, pág. 165. Ello así, puesto que "es el Comisionado de Seguros quien debe remi[tirle] los expedientes del asegurador insolvente que fueren necesarios, para que la Asociación de Garantía desempeñe sus funciones respecto a las reclamaciones cubiertas. *Íd.*

**III**

En la presente causa, la parte apelante plantea que erró el Tribunal de Primera Instancia al dictar sentencia sumaria en el caso y, en consecuencia, al desestimar la demanda de epígrafe en cuanto a la parte apelada, bajo el fundamento de que no se presentaron a tiempo los formularios de reclamación pertinentes a la reclamación objeto de litigio, ello de conformidad con lo dispuesto en la Orden de Liquidación de la extinta compañía de seguros Integrand. Específicamente, aduce que el foro primario no contempló la suspensión temporera del término resuelto por el tribunal liquidador para cumplir con el antedicho requisito, ello a la luz de las disposiciones de la Ley Núm. 45, *supra*, relativas a la determinación final del Administrador del Fondo sobre el accidente laboral en disputa. A su vez, sostiene que resultaba de aplicación al caso la excepción contemplada en el Código de Seguros, *supra*, en virtud de la cual se provee para que se reciba un formulario de reclamación tardío bajo determinadas circunstancias. Habiendo examinado el referido señalamiento a la luz de los hechos establecidos y el derecho aplicable, resolvemos confirmar la *Sentencia Parcial* apelada.

Un examen del expediente que nos ocupa nos lleva a concluir que el pronunciamiento que atendemos es uno conforme a derecho

y a la prueba presentada. De los documentos de autos, no surge controversia alguna de hechos medulares que amerite dirimir el presente asunto mediante el cauce ordinario de adjudicación. Tras ejercer nuestras funciones revisoras, coincidimos con que, en el presente caso, concurren las condiciones procesales propias a la eficacia del mecanismo adjudicativo empleado por la sala sentenciadora. Igualmente, intimamos que la sentencia apelada responde a una adecuada interpretación y aplicación del derecho pertinente a la materia que atendemos, ello respecto a la eficacia de una reclamación contra la entidad aquí apelada.

Tal cual resuelto por el foro primario, toda vez los incumplimientos con las disposiciones legales pertinentes a la eficacia del ejercicio de las funciones de la apelada Asociación de Garantía, ello en cuanto a responder por las obligaciones de la extinta Integrand frente a la parte apelante, coincidimos con que a esta ningún derecho le asiste. Según se dispuso, y conforme acreditan los documentos de autos, la Orden de Liquidación judicialmente emitida el 23 de septiembre de 2019 respecto a las operaciones de Integrand, expresamente condicionó el acceso de una reclamación al foro administrativo del procedimiento de liquidación del asegurador, a que los formularios correspondientes fueran presentados dentro de los noventa (90) días contados desde la referida fecha, so pena de que el derecho a reclamar se estimara como abandonado. [6] A tenor con lo allí establecido, el término en cuestión solo habría de extenderse, en ocasión a que así lo solicitara el liquidador ante un foro judicial. Por tanto, de conformidad con el cálculo correspondiente, en el caso de autos, las partes interesadas en obtener la cubierta pertinente a los daños derivados del accidente de trabajo en controversia, disponían hasta en o antes del 24 de

---

[6] Véase: Apéndice: *Orden de Liquidación,* acápites 32, 45 y 52, págs. 57, 60 y 62.

diciembre de 2019 para actuar de conformidad. Sin embargo, nada en el expediente acredita que hayan actuado de manera oportuna dentro de lo mandatado, así como, tampoco, que el liquidador, en el ejercicio de su discreción, hubiese solicitado la admisión de un formulario de reclamación tardío.

De la prueba surge que el liquidador rechazó la presentación de los formularios de reclamación sometidos tanto por Humacao Maintenance & Roofing Service, Inc., como por la señora Aponte Ramos, por razón de haberse sometido con posterioridad al 24 de diciembre de 2019, específicamente en el año 2024. Este hecho redundó en que los mismos no fueran referidos a la parte apelada, lo que, a su vez, y tal cual esta argumenta en su comparecencia ante nos, evoca la clara determinación del liquidador de no prorrogar la radicación de los mismos.

Ahora bien, la parte aquí apelante pretende validar su reclamación respecto a los gastos incurridos en el tratamiento médico de la señora Aponte Ramos, al sostener que la presentación de la demanda de autos constituyó la notificación de la reclamación correspondiente y que la misma, se efectuó de manera oportuna. Específicamente, indica que la demanda se radicó dentro de los noventa (90) días siguientes a la determinación final, firme y ejecutoria del Administrador del Fondo sobre el caso de la señora Aponte Ramos, momento desde el cual, aduce, conoció de su causa de acción y podía ejercerla. Sobre dicho particular, afirma que, por virtud de la Ley Núm. 45, *supra*, se produjo una suspensión de todos los términos inherentes a la reclamación de la señora Aponte Ramos durante el periodo en el que esta se encontraba recibiendo tratamiento en el Fondo, hecho que, a su juicio, incidía sobre la eficacia del plazo de noventa (90) días dispuesto en la Orden de Liquidación de Integrand. Erra en su raciocinio.

Tal cual plantea la parte apelada en su comparecencia ante nos, nada en derecho sostiene la afirmación de la parte apelante. Al remitirnos al Código de Seguros, *supra,* las disposiciones pertinentes a su intervención para responder por una aseguradora insolvente, no condicionan la oponibilidad del término establecido en una orden judicial de liquidación para someter los correspondientes formularios de reclamación, a la letra de otra ley. Por el contrario, la referida compilación legal es clara al establecer que la Asociación de Garantía, al sustituir a un asegurador insolvente, únicamente está llamada a responder por reclamaciones cubiertas. Sobre el alcance de dicho deber, el Código de Seguros, expresamente dispone que no se catalogará como tal una reclamación radicada fuera de la fecha final que fije un tribunal para la radicación de reclamaciones contra el liquidador o administrador de un asegurador insolvente. Así, la ley es clara al no permitir que la Asociación de Garantía atienda reclamaciones presentadas, luego de la fecha establecida. Por tanto, no habiéndose actuado en o antes del 24 de diciembre de 2019, día en que venció el término de noventa (90) días fijado en la orden de liquidación de Integrand, la Asociación de Garantía aquí apelada no estaba legitimada para recibir, tramitar, y disponer de la reclamación de la parte apelante.

Por otra parte, en el ánimo de prevalecer en su apelación, el Fondo también plantea, que resultaba de aplicación al caso la excepción contenida en el Capítulo 40 del Código de Seguros, *supra,* según establecida en el Artículo 40.320 del Código de Seguros, 26 LPRA sec. 4032. En específico, dicha disposición faculta al liquidador para recibir un formulario de radicación tardío cuando, entre otras instancias, el reclamante demuestre que desconocía de la existencia de la reclamación y presenta su formulario dentro de los noventa (90) días siguientes a la fecha en la que se enteró. A la luz de ello, sostiene que, tras haberse presentado la demanda de

epígrafe dentro de los noventa (90) días siguientes a la determinación final y firme del administrador del fondo, incidencia que, a su juicio, formalmente le permitió conocer su derecho a reclamar, se dio por cumplida la exigencia en controversia. No obstante, nuevamente sus argumentos carecen de apoyo legal.

Al remitirnos a la letra de la disposición legal invocada por la parte apelante, así como a aquellas que, por virtud del Capítulo 40 del Código de Seguros, *supra*, le son inherentes, surge que sus términos no son oponibles a la parte aquí apelada. Si bien, en efecto, la referida excepción está contemplada en la Ley, la misma provee un remedio alterno a aquel ofrecido por la Asociación de Garantía. Tal cual plantea la parte apelada en su escrito en oposición al recurso de autos, de permitirse la presentación tardía del formulario en disputa, a lo sumo, esta participaría de los haberes objeto de liquidación, conforme disponga el liquidador. Véase, 26 LPRA sec. 4039 y 4032 (2). Así pues, aun cuando los formularios de reclamación tardíos hubiesen sido admitidos en virtud de lo dispuesto en el Artículo 40.320, supra, los mismos no hubiesen sido referidos a la Asociación de Garantía, toda vez que esta no está facultada para entender sobre reclamaciones no cubiertas por razón de ser tardías.

En mérito de lo antes expuesto, sostenemos lo resuelto en toda su extensión. La parte apelante no controvirtió los hechos establecidos por la entidad apelada, ello a fin de legitimar su postura. Por el contrario, la prueba por esta sometida goza de entero apoyo legal, razón por la cual confirmamos la determinación correctamente emitida por el foro sentenciador.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones